**Donald Irwin ROBERTSON, individually, and doing business as Birchwood Music Co., Plaintiff,**

v.

**BATTEN, BARTON, DURSTINE & OSBORN, Inc., et al., Defendants.**

**Civ. A. 20372.**

United States District Court
S. D. California, Central Division.
Oct. 18, 1956.

Arthur S. Katz, Beverly Hills, Cal., for plaintiff.

Dryden, Haerington, Horgan & Swartz and Jacob Swartz, Los Angeles, Cal., for defendants.

MATHES, District Judge.

After due deliberation, this Court makes the following:

## Findings of Fact

1. Plaintiff, Donald Irwin Robertson, is a professional songwriter of established reputation and a member of the American Society of Composers, Authors and Publishers. Plaintiff is the sole owner of a music publishing company with its principal offices in the City of Los Angeles, County of Los Angeles, State of California, which company is doing business under the fictitious firm name of Birchwood Music Co. Plaintiff has complied with all applicable provisions of the Civil Code of the State of California, § 2466 et seq. concerning the transaction of business under a fictitious firm name.

2. Prior to February 20, 1956, plaintiff created and wrote an original musical composition entitled "The Happy Whistler".

3. On or about February 27, 1956, plaintiff registered a claim to copyright in said musical composition, and received from the Register of Copyrights, a Certificate of Registration of a Claim to Copyright dated and identified as follows: Registration Date: February 27, 1956, Class E Unpublished, Registration No. Eu: 427598.

4. On March 7, 1956, plaintiff assigned in writing, the copyright in said composition to plaintiff's company, Birchwood Music Co. Said assignment was recorded in Volume 953, Page 43 of the Copyright Office Records of Assignment on April 16, 1956.

5. On March 19, 1956, plaintiff publicly distributed and placed on sale sheet music copies of his said composition. Said published composition contained certain additional material created and written by plaintiff prior to March 15, 1956, namely, a rhythmic introduction, interlude and coda.

6. On or about April 16, 1956, plaintiff registered a new claim to copyright in said published composition with the Register of Copyrights, and received from the Register of Copyrights a Certificate of Registration of a Claim to Copyright dated and identified as follows: Registration date: April 16, 1956, Class E Published, Registration No. Ep: 98383.

7. At all times herein mentioned the plaintiff has been, and still is, the sole proprietor of all rights, title and interest in and to the several copyrights in his musical composition entitled "The Happy Whistler".

8. On or about March 22, 1956, plaintiff filed a Notice of Use in the Copyright Office of the United States as a condition of extending the copyright control in his musical composition "The Happy Whistler" to mechanical reproductions of said composition. Said Notice of Use was recorded in Volume 28, Page 93 of the Notice of Use Records of the Copyright Office.

9. Plaintiff's composition was first released in record form in the early part of April, 1956, and numerous other recordings have been licensed by plaintiff. Plaintiff's composition has become a "hit" song, both nationally and abroad.

10. Defendants Batten, Barton, Durstine & Osborn, Inc., Song Ads, Inc., and San Francisco Brewing Company have never requested a license of plaintiff, nor have said defendants acquired rights from plaintiff to record said composition for commercial advertising purposes, or for any other purposes.

11. Defendant San Francisco Brewing Company is a brewer of malt beverages; one of its most widely sold and advertised products is Burgermeister Beer.

12. Defendant Batten, Barton, Durstine & Osborn, Inc. is an advertising agency with nationwide activities. Defendant San Francisco Brewing Company is one of its clients.

13. At the behest of, and for the benefit of its client, defendant San Francisco Brewing Company, defendant Batten, Barton, Durstine & Osborn, Inc., engaged defendant Song Ads, Inc., a producer of recorded musical commercial announcements designed primarily for repeated performances on radio and television, to produce certain sprightly musical commercials advertising Burgermeister Beer.

14. Sometime in May or June 1956, defendant Song Ads, Inc., produced six (6) recordings of commercial announcements advertising Burgermeister Beer. These commercial announcements vary in length from twenty (20) seconds to a minute or more in length and are used both on radio and on television.

15. Said defendants were aware of plaintiff's copyrighted composition during the period in which said six (6) commercial announcements were produced, plaintiff's said composition being then, as it still is, a "hit" popular song.

16. The key melodic theme of plaintiff's copyrighted composition is contained in a bright and bouncy four (4) bar phrase, which, repeated with some variations, makes up the sixteen (16) bars of the song's chorus. The melodic line is whistled. The arrangement consists of a rhythmic accompaniment of piano, drums, handclapping, bass and guitar.

17. Sometime in the middle of April, 1956, Mr. Muzzy Marcelino, a professional whistler asked plaintiff to furnish him with the sheet music and with the recording arrangement of said composition in order that he might memorize said composition for the purpose of performing it on television. Plaintiff supplied Mr. Marcelino with the material in question. Sometime later Mr. Marcelino returned plaintiff's sheet music and recording arrangement to him.

18. The six (6) commercial announcements produced by defendant Song Ads, Inc., featured a vocal refrain with a whistled melodic obligato and used the same combination of musical elements found in plaintiff's copyrighted composition, namely, piano, drums, handclapping, bass and guitar. Mr. Marcelino was employed by defendant Song Ads, Inc., to whistle the melodic obligato.

19. Plaintiff learned of the existence of said six (6) commercial announcements on July 9, 1956, and promptly gave actual notice, both oral and written, to said defendants of his charges of copyright infringement and unfair competition as soon as their identities were disclosed. Notwithstanding the giving of such notice there was a continued manufacture, distribution and public performance for profit of said six (6) commercial announcements by said defendants, or under their authority. Accordingly, plaintiff filed suit for infringement of copyright and unfair competition on August 28, 1956, together with an Order To Show Cause why a preliminary injunction should not issue. There are no laches present.

20. The manufacture, distribution and public performance for profit of said six (6) commercial announcements continued through the hearing on said Order To Show Cause.

21. The Court has examined the musical scores of plaintiff's copyrighted composition and those of defendants' six (6) commercial announcements. He has listened to a performance of plaintiff's own Capitol recording of his composition, and to recordings of defendants' said commercials. He has noted that two (2) bars in defendants' said commercials are identical with two (2) bars of the four (4) bars of plaintiff's key melody. He has noted further that two other bars in defendants' said commercials are strikingly similar to the remaining two (2) bars in plaintiff's key melodic phrase. The four (4) bars are used in the same manner in the composition of plaintiff, and in defendants' commercial recordings. In addition, the arrangement used by defendants creates an impression on the ear of substantial similarity with that of plaintiff's.

On the basis of the foregoing, the Court makes the following:

## Conclusions of Law

1. This action arises under the Copyright Laws of the United States, Act of July 30, 1947, 61 Stat. 652, 17 U.S.C. § 1 et seq. The Court also has pendent jurisdiction of this action under the Act of June 25, 1949, 62 Stat. 869, 28 U.S.C. § 1338(b).

2. Plaintiff is author and sole copyright proprietor of a copyrighted popular musical composition entitled "The Happy Whistler".

3. The said defendants have copied from plaintiff's work that portion of it upon which its popular appeal, and, hence, its commercial success, depends. Such copying is not a fair use, but a substantial copying, and, therefore, an infringement of plaintiff's copyrights in his composition "The Happy Whistler".

4. Said defendants have further infringed plaintiff's copyrights in his musical composition by publicly performing for profit, or by authorizing the public performance for profit on radio and television of commercial announcements containing music substantially copied from plaintiff's copyrighted composition.

5. The foregoing acts of copyright infringement also constitute acts of unfair competition.

6. Plaintiff has made a prima facie showing of acts of copyright infringement and of acts of unfair competition. The actions of which plaintiff complains are continuing and will irreparably injure plaintiff unless now enjoined. Plaintiff has posted the security required by this Court and is entitled to a preliminary injunction.