TWENTIETH CENTURY–FOX FILM
CORPORATION, et al.,
Plaintiffs-Appellants,

v.

MCA, INC., et al., Defendants-Appellees.

No. CA 80–5868.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1982.

Decided Jan. 11, 1983.

As Amended May 6, 1983.

Melville B. Nimmer, Sidley & Austin, Los Angeles, Cal., for plaintiffs-appellants.

Louis P. Petrich, Youngman, Hungate & Leopold, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, GOODWIN and TANG, Circuit Judges.

TANG, Circuit Judge:

Appellants claim that their copyrighted production of the book and motion picture "Star Wars" was infringed by appellees' production of "Battlestar: Galactica." The district court granted appellees' motion for partial summary judgment. We reverse and remand.

OVERVIEW

In 1977, Twentieth Century-Fox produced and distributed the motion picture "Star Wars." The commercial success of that venture did not go unnoticed. The following year "Battelstar: Galactica" was released as both a motion picture and television series. Universal Studios, Inc., a subsidiary of MCA, Inc., produced and owned the rights to Battlestar, and ABC televised the Battlestar space saga.

In June, 1978, Fox commenced this action against MCA, Universal, and ABC, alleging copyright infringement. Subsequently, Fox's amended complaint joined Lucasfilm, Ltd. as co-plaintiff, and alleged that defendants had also infringed Lucasfilm's copyright in its 1976 Star Wars book.

Defendants moved for partial summary judgment on the copyright claims. In connection with that motion, the trial judge reviewed a videotape montage of prior science fiction works, the Star Wars film and book, and a videotape of the first television episode of Battlestar. Defendants did not contest the validity of plaintiffs' Star Wars copyrights. Further, for purposes of the motion, defendants admitted access to plaintiffs' works.

The only issue raised in the motion was whether defendants' Battlestar: Galactica production was so dissimilar to plaintiffs' Star Wars works, as to both ideas and expression of those ideas, that no material issue of fact existed on the question of substantial similarity, and the question could be decided as a matter of law. The trial court granted defendants' motion for partial summary judgment.[1] This appeal ensued.

DISCUSSION

The law relating to a grant of summary judgment is clear. Only if no genuine issue of material fact exists will the moving party be entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

On appeal, the question whether summary judgment was properly granted below is one of law. *Boone v. Mechanical Specialties Co.,* 609 F.2d 956, 959 (9th Cir. 1979). The standard governing our review is the same as that employed by the trial court under Rule 56(c). *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 951 n. 6 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).[2] That is, this court must view the evidence and inferences therefrom in the light most favorable to

---

1. Plaintiffs stipulated that the trial court's decision be deemed applicable to the television episodes which followed the initial program. Accordingly, the court entered a Final Partial Judgment, pursuant to Fed.R.Civ.P. 54(b). Other unresolved issues, including unfair competition and Lanham Act claims and prayers for attorneys' fees, were stayed pending appeal of the Final Partial Judgment.

2. *International Luggage Registry v. Avery Prods. Corp.,* 541 F.2d 830, 831 (9th Cir.1976), stated that the question of substantial similarity is one of fact and an appeal is governed by the clearly erroneous principle under Rule 52(a). This is true where there has been a trial. In fact, *International Luggage* cited *Williams v. Kaag Mfrs., Inc.,* 338 F.2d 949, 951 (9th Cir. 1964), a case where review occurred after trial,

the nonmoving party, herein plaintiffs-appellants Fox and Lucasfilm (collectively referred to as "Fox"). *See id.* at 951. Defendants-appellees MCA, Universal and ABC (collectively referred to as "MCA") may prevail only if no genuine issue of material fact exists on the questions of substantial similarity of idea and idea expression.[3]

■■ After viewing the Star Wars and Battlestar motion pictures, we conclude that the films do in fact raise genuine issues of material fact as to whether only the Star Wars idea or the expression of that idea was copied.[4] *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir.1977). At a minimum, it is a close enough question that it should be resolved by way of a trial. We intimate no opinion whether the films are substantially similar as to either idea or expression, but state only that reasonable minds could differ on those key factual issues.[5] Thus, a grant of summary judgment was improvident.

■■ We do not imply that summary judgment is never appropriate in copyright

as support for its statement. Although *International Luggage* referred to the clearly erroneous principle in reversing a grant of summary judgment, the panel in fact substituted its judgment for that of the district court's. We do not deviate from the long line of Ninth Circuit cases which hold that appellate review of summary judgments is governed by the question of whether a genuine issue of material fact exists. *See, e.g., May v. Morganelli-Heumann & Assoc.,* 618 F.2d 1363, 1366 (9th Cir.1980); *Pacific Fruit Express Co. v. Akron, C. & Y.R. Co.,* 524 F.2d 1025, 1029 (9th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976); *Inland Cities Express, Inc. v. Diamond Nat'l Corp.,* 524 F.2d 753, 754 (9th Cir.1975); *Radobenko v. Automated Equip. Corp.,* 520 F.2d 540, 543 (9th Cir.1975).

3. The idea-expression dichotomy was codified in the Copyrights Act. 17 U.S.C. § 102(b) (1976).

4. It was unnecessary to review the Star Wars book since we had already found summary judgment inappropriate in the context of the same medium of expression, *i.e.,* motion pictures. Where defendant's work is adapted for use in a medium different than that of plaintiff's, the test for infringement remains the same. *Twentieth Century-Fox Film Corp. v. Stonesifer,* 140 F.2d 579, 582 (9th Cir.1944); *Harold Lloyd Corp. v. Witwer,* 65 F.2d 1, 4 (9th Cir.1933), *cert. dismissed,* 54 S.Ct. 94, 78 L.Ed. 1507 (1934); *Reyher v. Children's Television Workshop,* 533 F.2d 87, 90–91 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976).

5. Appellant Fox argued in its brief that a comparison of the two works discloses at least 34 similarities. For illustrative purposes only, we list 13 of the alleged similarities:

(1) The central conflict of each story is a war between the galaxy's democratic and totalitarian forces.

(2) In Star Wars the young hero's father had been a leader of the democratic forces, and the present leader of the democratic forces is a father figure to the young hero. In Battlestar the young hero's father is a leader of the democratic forces.

(3) The leader of the democratic forces is an older man, displaying great wisdom, and symbolizing goodness and leadership, with a mysterious mystical ability to dominate a leader of the totalitarian forces.

(4) An entire planet, central to the existence of the democratic forces, is destroyed.

(5) The heroine is imprisoned by the totalitarian forces.

(6) A leading character returns to the family home to find it destroyed.

(7) The search by the totalitarians and the liberation attempt by the democratic forces are depicted in alternating sequences between the totalitarian and democratic camps.

(8) There is a romance between the hero's friend (the cynical fighter pilot) and the daughter of one of the leaders of the democratic forces.

(9) A friendly robot, who aids the democratic forces is severely injured (Star Wars) or destroyed (Battlestar) by the totalitarian forces.

(10) There is a scene in a cantina (Star Wars) or casino (Battlestar), in which musical entertainment is offered by bizarre, non-human creatures.

(11) Space vehicles, although futuristic, are made to look used and old, contrary to the stereo-typical sleek, new appearance of space age equipment.

(12) The climax consists of an attack by the democratic fighter pilots on the totalitarian headquarters.

(13) Each work ends with an awards ceremony in honor of the democratic heros.

**1330**

infringement actions.[6] Summary judgment is appropriate, for example, where undisputed facts raise a complete defense as a matter of law. *See Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980) (similarities related only to non-copyrightable historical material). A grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded. *See Peter Pan Fabrics, Inc. v. Dan River Mills, Inc.,* 295 F.Supp. 1366, 1369 (S.D.N.Y.), *aff'd,* 415 F.2d 1007 (2d Cir.1969). Similarly, summary judgment for defendant is appropriate where works are so dissimilar that a claim of infringement is without merit. *See Rose v. Connely,* 38 F.Supp. 54, 55–56 (S.D.N.Y.1941) (two plays differed substantially in plot, character interest, general purpose, and intent). This, however, is not such a case. We therefore reverse and remand for trial.

REVERSED and REMANDED.

---

**6.** Since substantial similarity is usually an extremely close question of fact, summary judgment has traditionally been disfavored in copyright litigation. *See Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). While that may be, we emphasize that summary judgment determinations result from close factual analyses, and are inherently peculiar to each case. Further, if Rule 56 is to be of any effect, summary judgment must be granted in certain situations. *See* 6 J. Moore & J. Wicker, *Moore's Federal Practice* § 56.17[14] at 56–800 to 802 (3d ed. 1982).