Leslie T. BAXTER, Plaintiff-Appellant,

v.

MCA, INC., a Delaware corporation; Universal City Studios, Inc., a Delaware corporation; Music Corporation of America, a California corporation; MCA Records, Inc., a California corporation; Merchandising Corporation of America, a California corporation; and John T. Williams, Defendants-Appellees.

No. 84–6522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1985.

Decided March 5, 1987.

As Amended May 11, 1987.

John T. Blanchard, Los Angeles, Cal., for plaintiff-appellant.

Louis P. Petrich, Los Angeles, Cal., for defendants-appellees, MCA, et al.

Ronald S. Rosen, Los Angeles, Cal., for defendant-appellee, John T. Williams.

Before TANG, BOOCHEVER and KOZINSKI *, Circuit Judges.

TANG, Circuit Judge:

In this copyright infringement action, plaintiff-appellant Leslie T. Baxter appeals the district court's grant of summary judgment to John Williams and the other defendants-appellees. The district court granted defendants' motion based upon its determination that no substantial similarity of expression existed as between Baxter's copyrighted song Joy and the theme from the motion picture "E.T.: The Extra-Terrestrial" [hereinafter cited as Theme from E.T.]. We reverse the grant of summary judgment and remand for trial.

## FACTS AND PROCEDURAL HISTORY

In 1953, Leslie Baxter composed a collection of seven songs intended to invoke or represent emotions. These songs were recorded and published by Capitol Records in 1954 on an album entitled The Passions. Joy, one of the compositions on that album, is the subject of this action.[1] Baxter is the sole owner of all right, title and interest in the copyright to Joy.

Baxter and John Williams, a successful composer and conductor of music, have been personally acquainted for several decades. Williams had previously played the piano for Baxter at a number of recording sessions, and had knowledge of Joy. He participated as the pianist in the orchestra for a public performance of Joy in the Hollywood Bowl in the 1960s. In 1982, Williams composed Theme from E.T. for which he received an Academy Award for best original music. The other appellees utilized Theme from E.T. in the motion picture "E.T.: The Extra-Terrestrial," sound recordings and merchandising.

---

* Judge Duniway, since deceased, was a member of the panel that originally heard oral argument in this case. Judge Kozinski was chosen by lot to replace Judge Duniway on the panel, and has had the benefit of listening to the tapes of oral argument, as well as reading the briefs and reviewing the record and exhibits in his consideration of the case.

1. Since Joy was published and fixed in a sound recording prior to February 15, 1972, it was not eligible for copyright registration. Baxter's claim rests on Joy as registered sheet music which was copyrighted on February 8, 1954 and renewed on August 20, 1982.

On November 2, 1983, Baxter filed a complaint for copyright infringement and demand for jury trial in district court. He alleged that Theme from E.T. was largely copied from his copyrighted song Joy. On September 17, 1984, defendants moved for summary judgment on the ground that, as a matter of law, Theme from E.T. was not substantially similar to protectible expression in Joy, and therefore did not infringe it. For the limited purpose of the summary judgment motion only, defendants conceded that: (1) Baxter owned a duly registered copyright in Joy; (2) Williams had "access" to Joy before the creation of Theme from E.T.; and (3) the "general ideas" in the subject songs were substantially similar.

Defendants attached to their motion papers the following items: (1) cassette tape recordings of Joy as it appeared on the album The Passions and the movie soundscore of Theme from E.T.; (2) the twenty-three page written instrumental sheet music of Joy that was copyrighted; and (3) the five page piano score of Theme from E.T. Baxter introduced into evidence expert testimony and five comparison tapes by Professor Harvey Bacal regarding the degree of similarity between the two compositions.

After reviewing the submitted evidence, the district court granted defendants' motion for summary judgment, stating:

This Court's "ear" is as lay as they come. The Court cannot hear any substantial similarity between defendant's expression of the idea and plaintiff's. Until Professor Bacal's tapes were listened to, the Court could not even tell what the complaint was about. Granted that Professor Bacal's comparison exposes a musical similarity in sequence of notes which would, perhaps, be obvious to experts, the similarity of expression (or impression as a whole) is totally lacking and could not be submitted to a jury.

Baxter timely appealed.

## DISCUSSION

■ After the defendants stipulated to the plaintiff's ownership of the copyright and access to his work, the district court ruled as a matter of law that there was no substantial similarity between the two works. That holding is subject to our *de novo* review. *Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 85, 88 L.Ed.2d 69 (1985). We review the evidence and the inferences therefrom in the light most favorable to the nonmoving party, and determine whether there exists any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *RFD Publications, Inc. v. Oregonian Pub. Co.,* 749 F.2d 1327, 1328 (9th Cir.1984) *accord Twentieth Century Fox Film Corp. v. MCA,* 715 F.2d 1327, 1328 (9th Cir.1983). The district court's grant of summary judgment to the defendants must be affirmed if reasonable minds could not differ as to the presence or absence of substantial similarity of expression. *See v. Durang,* 711 F.2d 141 (9th Cir.1983). *See also Twentieth Century-Fox,* 715 F.2d at 1329.

■ To establish a successful claim for copyright infringement, the plaintiff must prove (1) ownership of the copyright, and (2) "copying" of protectible expression by the defendant. *See Sid & Marty Krofft Television Productions, Inc., v. McDonald's Corp.,* 562 F.2d 1157, 1162 (9th Cir.1977) (citing *Reyher v. Children's Television Workshop,* 533 F.2d 87, 90 (2d Cir. 1976), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); *Universal Athletic Sales Co. v. Salkeld,* 511 F.2d 904, 907 (3d Cir.1975), *cert. denied,* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); 2 M. Nimmer, Nimmer on Copyright § 141 at 610–611 (1979) [hereinafter cited as "Nimmer"] ). Because direct evidence of copying is rarely available, a plaintiff may establish copying by circumstantial evidence of: (1) defendant's access to the copyrighted work prior to the creation of defendant's work, and (2) substantial similarity of both general ideas and expression between the copyrighted work and the defendant's work. *See Krofft,* 562 F.2d at 1162. Absent evidence of access, a "striking similarity" between the works may give rise to a permissible inference of copying. *See*

*Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir. 1984); *Shultz v. Holmes,* 264 F.2d 942 (9th Cir.1959); Nimmer § 13.02[B] at 13–14 (1986). Baxter's ownership of the copyright to Joy is undisputed, and defendants conceded access for the purpose of their summary judgment motion. Defendants further assumed for purposes of their motion that there was substantial similarity of ideas as between the two compositions. Therefore, the only question[2] before us is whether the district court's finding, based on its ear, that substantial similarity of expression was "totally lacking and could not be submitted to a jury," can sustain a grant of summary judgment to the defendants.

■ Summary judgment cannot be granted if there exists a genuine dispute as to a material fact. Fed.R.Civ.P. 56(c). Rule 56 calls for the judge to determine whether there exists a genuine issue for trial, not to weigh the evidence himself and determine the truth of the matter. *See Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2516, 91 L.Ed.2d 202 (1986). The nonmoving party must present evidence sufficient to require a jury or judge to resolve the parties' differing versions of the truth at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). Inferences to be drawn from facts contained in the moving party's papers are to be viewed by the district court in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Weighing evidence, determining credibility, and drawing inferences from facts remain jury functions which may not be undertaken by the trial judge. *See Anderson,* 106 S.Ct. at 2513.

Determinations of substantial similarity of expression are subtle and complex. The test to be applied has been labeled an "intrinsic" one by this Court in that it depends not upon external criteria, but instead upon the response of the ordinary reasonable person to the works. *Krofft,* 562 F.2d at 1164. "Analytic dissection" and expert testimony are not called for; the gauge of substantial similarity is the response of the ordinary lay hearer. *Id., quoting Arnstein v. Porter,* 154 F.2d 464, 468 (2d Cir.1946), *cert. denied,* 330 U.S. 851, 67 S.Ct. 1096, 91 L.Ed. 1294 (1947). Accordingly, in *Krofft,* this Court rejected extrinsic analysis of similarities and differences among characters in plaintiff's television show and defendants' TV commercials, in favor of asking whether the defendants' works captured the total concept and feel of plaintiffs' works. *Krofft,* 562 F.2d at 1167. *See also Berkic,* 761 F.2d at 1292; *Litchfield v. Spielberg,* 736 F.2d 1352, 1357 (9th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985); *Overman v. Universal City Studios, Inc.,* 605 F.Supp. 350, 353 (C.D.Cal.1984), *aff'd mem.,* 767 F.2d 933 (9th Cir.1985).

**2.** Baxter argues that he should also have been permitted to prove copyright infringement by way of expert testimony and analytic dissection which allegedly demonstrated the two works' "striking similarity." This contention misapprehends the nature of the "striking similarity" doctrine. Proof of striking similarity is an alternative means of proving "copying" where proof of access is absent. *See Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir.1984); Nimmer § 13.02[B] at 13–14, 13–15 (1986). Yet here, access was conceded and is thus not in issue. It was thus unnecessary to consider the possibility that Theme from E.T. was the product of independent creation, coincidence, a prior common source, or any source other than copying. *See id.* Upon remand, however, Baxter's expert testimony and analytic dissection offered as to "striking similarity" would certainly merit submission to a jury as to the substantial similarity of general ideas as between the two works. *See Krofft,* 562 F.2d at 1164.

Baxter further contends that judicial protection beyond the "lay audience" test is required for authors of works in technical fields such as music because an infringer can easily deceive the unsophisticated by immaterial variations in the copyrighted work. It is unnecessary to reach this issue, given our holding that the grant of summary judgment constituted reversible error. No compelling reason appears, however, to depart from the principles enunciated in *Krofft,* which reiterates that the test of substantial similarity depends upon the response of the ordinary lay listener. *See Krofft,* 562 F.2d at 1164.

We do not suggest that our ears are any more sophisticated than those of the district court. Nevertheless, based on our review of the record, we are persuaded that reasonable minds could differ as to whether Joy and Theme from E.T. are substantially similar. As in *Twentieth Century-Fox*, we do not suggest that the works are, in fact, substantially similar. We only state that reasonable minds could differ as to the issue and thus that summary judgment was improper. *See Twentieth Century-Fox*, 715 F.2d at 1329.

We finally address defendants' contention that any similarity between the works can be reduced to a six-note sequence which is not protectible expression under the copyright laws. We disagree.

Even were we to accept *arguendo* defendants' argument over Baxter's response that it is not a six-note sequence but the entire work whose similarity is at issue, this argument ignores the fundamental notion that no bright line rule exists as to what quantum of similarity is permitted before crossing into the realm of substantial similarity. *See generally* 3 M. Nimmer, Nimmer on Copyright § 13.-03[A][2] (1986). Here, the ear of the court must yield to the ears of jurors. *See Roy Export Co. Establishment v. CBS*, 503 F.Supp. 1137, 1145 (S.D.N.Y.1980), *aff'd*, 672 F.2d 1095 (2d Cir.1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity. *See Walt Disney Productions v. Air Pirates*, 581 F.2d 751 (9th Cir.1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1978); *Universal Pictures v. Harold Lloyd*, 162 F.2d 354 (9th Cir.1947); *Heim v. Universal Pictures Co.*, 154 F.2d 480, 488 (single brief phrase so idiosyncratic as to preclude coincidence might suffice to show copying) (dictum); *Fred Fisher, Inc. v. Dillingham*, 298 F. 145 (S.D.N.Y. 1924) (L. Hand, J.) (eight note "ostinato" held to infringe copyright in song). *See also Meeropol v. Nizer*, 560 F.2d 1061 (2d Cir.1977) (words copied amounted to less than one percent of defendant's entire work; fair use), *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 756 (1977); *Robertson v. Batten, Barton, Durstine & Osborne, Inc.*, 146 F.Supp. 795, 798 (S.D. Cal.1956) (portions of song used constituted element upon which popular appeal and hence commercial success depended; fair use). *See generally* Nimmer § 13.03[A][2] at 13–36, and citations therein (notion that copying of three bars from musical work can never constitute infringement is without foundation). Certainly, evidence that the sequence in question is found in other works would be admissible to rebut an inference of copying; such evidence demonstrates that the sequence is so common that the probability of independent, coincidental creation was high. *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir.1976).

But we do not understand Baxter's claim to center solely on one six-note sequence. The jury upon remand may, of course, determine that any similarity is confined to the sequence, and that the similarity is insubstantial.

## CONCLUSION

Based upon our review of the record, we cannot say that Joy and Theme from E.T. are so dissimilar that reasonable minds could not differ as to a lack of substantial similarity between them. Therefore, the district court erred in granting defendants' motion for summary judgment.

Reversed and remanded for proceedings not inconsistent with this opinion.