48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Patricia HANSEN; Howard Hansen, her father, Plaintiffs-Appellants,
v.
BREMERTON SCHOOL DISTRICT NO. 100-C, a Washington muninicpal
corporation; Joan Emily Von Lanken, a single
woman, in her individual and
representative capacities,
Defendants-Appellees.
 No. 93-36037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Feb. 23, 1995.
 
 Before: WOOD, Jr.,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case involves whether the State of Washington's statute of limitations for sexual abuse actions operates to bar a plaintiff's civil action brought at least 17 years after the last alleged act of abuse where the plaintiff contends that she only recently discovered the link between the abuse and her continuing psychological injuries.
 
 FACTS
 
 3
 Patricia Hansen ("Patricia") entered East Bremerton High School in 1971. At the beginning of Patricia's sophomore year, Emily Von Lanken, ("Von Lanken") a 29-year-old female physical education teacher for the Bremerton School District, commenced a sexual relationship with Patricia, who was then only 15 years old. The record shows that during this period, Patricia was receiving psychiatric counseling. Although Patricia states that her relationship with Von Lanken was not the primary reason she was receiving this counseling, she does admit that it was often discussed during her sessions. The relationship continued unabated for over two years, finally ending during Patricia's senior year at East Bremerton High in 1974 or 1975, when Patricia was 18.
 
 
 4
 Patricia has continued to undergo psychiatric counseling since the late 1970s. From 1979 to 1981, Patricia was in therapy with Dr. Dale Mattheis. Patricia's relationship with Von Lanken was occasionally discussed during these sessions. Unfortunately, Dr. Mattheis also engaged in sexual conduct with Patricia during this period. Patricia subsequently sued Dr. Mattheis for sexual abuse. Much of the testimony during that trial involved Patricia's relationship with Von Lanken.
 
 
 5
 In 1992, Patricia and her father filed the present suit against Von Lanken and the Bremerton School District, alleging various state and federal causes of action. Von Lanken does not dispute Patricia's claims and raises as her only defense the fact that Patricia's action should be barred by the applicable statute of limitations. The school district, for its part, argued that it was not liable because it was not the sexual abuser. Both Von Lanken and the district moved for summary judgment against the Hansens. The district court noted that Revised Code of Washington ("RCW") Sec. 4.16.340 specifically applies to cases of sexual abuse. The district court then interpreted that statute and its applicable statute of limitations as barring Patricia's claim. The statute allows a plaintiff three years in which to bring a sexual abuse case after discovering or after a reasonable person should have discovered all facts necessary to bring the claim. The district court concluded that Patricia had discovered or reasonably should have discovered all of the necessary facts more than three years before she actually filed suit. The district court therefore granted summary judgment in favor of the school district and Von Lanken. For the reasons discussed below, we affirm the district court's decision.
 
 I.
 
 6
 We review the district court's grant of summary judgment under the usual standard by considering all factual issues in the light most favorable to the non-moving party (Patricia) and determining de novo whether, under Federal Rule of Civil Procedure 56(c), there exists any genuine issue of material fact requiring submission of the case to the finder of fact or whether judgment as a matter of law was appropriate. Lone Ranger Television, Inc. v. Program Radio Corp., 740 F.2d 718, 720 (9th Cir.1984); Twentieth Century Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1328 (9th Cir.1983). The district court's conclusions of law are also reviewed de novo. Gregory K. v. Longview School Dist., 811 F.2d 1307, 1310 (9th Cir.1987).
 
 II.
 
 7
 The Hansens allege violations of Title IX of the Education Amendments of 1972, 20 U.S.C. Sec. 1681, both directly and through 42 U.S.C. Sec. 1983, various constitutional rights under 42 U.S.C. Sec. 1983 and other, purely state law causes of action. In Wilson v. Garcia, 471 U.S. 261, 276 (1985), the Supreme Court held that actions brought under 42 U.S.C. Sec. 1983 are governed by the relevant state's personal injury statute of limitations. Questions regarding the tolling of a statute of limitations are also governed by state law. Id. at 269. Therefore, we must apply RCW Sec. 4.16.340 to determine whether the Hansens' suit was timely filed.
 
 RCW Sec. 4.16.340 provides in relevant part:
 
 8
 (1) All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:
 
 
 9
 ....
 
 
 10
 (b) within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act;
 
 
 11
 (c) within three years of the time the victim discovered that the act caused the injury for which the claim is brought;
 
 
 12
 Provided that the time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen years.
 
 
 13
 (2) The victim need not establish which act in a series of continuing sexual abuse or exploitation incidents caused the injury complained of, but may compute the date of discovery of the last act by the same perpetrator which is part of a common scheme or plan of sexual abuse or exploitation.
 
 
 14
 The Washington Legislature enacted these provisions in response to the Washington Supreme Court's decision in Tyson v. Tyson, 727 P.2d 226 (Wash.1986). See Finding--Intent--Laws 1991, ch. 212, (b). The Tyson opinion had rejected applying the common law "discovery rule" to childhood sexual abuse cases. The discovery rule originated in tort law and operates to toll the statute of limitations "until the plaintiff, using reasonable diligence, would have discovered the cause of action." Id. at 227. By enacting RCW Sec. 4.16.340, the Washington Legislature codified the discovery rule and effectively "reversed" the Tyson decision. Therefore, the three-year statute of limitations will run on Patricia's claim from the time she actually discovered that her psychological injuries were caused by Von Lanken's acts.
 
 
 15
 The record clearly shows that Patricia has been continuously aware of her past relationship with Von Lanken. This is not a case of memory repression. The record further indicates that Patricia had long been conscious not only of the sexual relationship but also of her emotional injuries. She has been steadily undergoing psychiatric counseling since before or shortly after she graduated from high school in 1975. Patricia alleges in her complaint that this relationship terminated at the end of her senior year, but claims that she did not make the causal connection between Von Lanken and her emotional injuries until 1990. The evidence of record, however, is to the contrary. Patricia's awareness of her resulting emotional injuries is clearly illustrated in the record through her own depositions and those of her doctors, which we have independently reviewed.
 
 
 16
 We affirm the district court's conclusion as a matter of law that Patricia discovered the link between Von Lanken's conduct and her emotional injuries long before 1990, and that the cause of action is indeed barred by the statute of limitations in RCW Sec. 4.16.340. Accordingly, we affirm the district court's grant of summary judgment in favor of Von Lanken and the Bremerton School District.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3