133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas MOORE, Plaintiff-Appellant,
v.
ATLANTIC RECORDING CORP. Defendant-Appellee.
O'Neil BRADFORD, Plaintiff-Appellant,
v.
ATLANTIC RECORDING CORP.; EMI Music Publishing Inc.;
Charles Koppleman. Defendants-Appellees.
 Nos. 96-56337, 96-56748.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these two consolidated appeals, Douglas Moore appeals pro se from the district court's grant of summary judgment in favor of Atlantic Recording Corporation ("Atlantic Records") in Moore and O'Neil Bradford's action for copyrignt infringement. O'Neil Bradford appeals pro se from the district court's dismissal of his complaint based on copyright infringement and additional state law claims. We review the district court's grant of summary judgment and Fed.R.Civ.P. 12(b)(6) dismissal de novo. See Bagdadi v. Nazar, 34 F.3d 1194, 1197 (9th Cir.1996) (summary judgment); Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995) (dismissal). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 No. 96-56337
 
 3
 Moore contends that the district court erred by granting summary judgment in favor of Atlantic Records.[1] We agree with the district court that Moore failed to demonstrate a genuine issue of material fact as to the substantial similarity between the works at issue. See Litchfield v. Spielberg, 736 F.2d 1352, 1356-1357 (9th Cir.1984); Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1162 (9th Cir.1977); cf. Baxter v. MCA, Inc., 812 F.2d 421 (9th Cir.1987).[2] The district court's judgment is therefore
 
 AFFIRMED.[3]
 No. 96-56748
 
 4
 Bradford contends that the district court erred by dismissing his complaint on res judicata grounds. We disagree. The district court properly concluded that Bradford's action was barred under the doctrines of claim preclusion and issue preclusion.[4] See Robi v. Five Platters Inc., 838 F.2d 318, 321-22 (9th Cir.1988); Costanini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982). The district court judgment is therefore
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Moore lacks standing to appeal the district court's ruling that O'Neil Bradford was also a plaintiff in this action. See Libby, McNeill, and Libby v. City Nat'l. Bank, 592 F.2d 504, 511 (9th Cir.1978) (noting that a party may only appeal to protect its own interests and not those of a co-party)
 
 
 [2]
 The district court properly excluded Mr. Brown's letter on the grounds that it was not signed under penalty of perjury. See Fed.R.Civ.P. 56(e); 28 U.S.C. § 1746; Celotex Corp. v. Catrett, 477 U.S. 317, 321 n. 3 (1986)
 
 
 [3]
 On appeal, Moore has submitted various documents including copies of sheet music and letters from purported music experts. Because these documents were not presented to the district court, we have not considered them for purposes of this appeal. See Fed. R.App. Proc. 10(a); United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990)
 
 
 [4]
 We reject Bradford's contention that he was not a plaintiff in the prior action against Atlantic Records. In that action, the district court ruled that Bradford was a party based on his being named in the complaint and participating throughout the proceedings. Bradford did not appeal that determination and he therefore remains a named plaintiff in the final judgment