NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERI H. GILBERT, | No. 10-56458 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02231-RGK-RZ |
| v. | |
| NEW LINE PRODUCTIONS, INC., a California corporation; NEW LINE CINEMA CORPORATION, a Delaware corporation; BENDER-SPINK, INC., a California corporation; CHRIS BENDER, individually and as an agent of Bender-Spink, Inc.; J.C. SPINK, individually and as an agent of Bender-Spink, Inc.; SPRING CREEK PRODUCTIONS, INC., a California corporation; PAULA WEINSTEIN, individually and as an agent of Spring Creek Productions, Inc.; AVERY PIX, INC., a California corporation; KUMAR MOBILIENGESELLSCHAFT MBH & CO. PROJEKT NR. 1 KG, a German Company; MICHAEL FLYNN; NUYORICAN PRODUCTIONS, INC., a California corporation; JULIO CARO; FIRECRACKER PRODUCTIONS, INC., a California corporation; ANYA KOCHOFF, individually and as an agent | MEMORANDUM[*] |

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Firecracker Productions, Inc., AKA Anya Kochoff Landes, AKA Anya Kochoff Romano; WRITTEN IN STONE, INC., a California corporation; RICHARD LAGRAVENESE, individually and as an agent of Written in Stone, Inc.; MIGUEL A. NUNEZ, Jr.; VILLAGE ROADSHOW, LTD, an Australian Corporation; PARADISO ENTERTAINMENT, INC., a New York corporation; ENTERTAINMENT FILM DISTRIBUTORS LTD, a British corporation; METROPOLITAN FILMEXPORT, a French corporation; ALLIANCE FILMS, INC., FKA Alliance Atlantis Communications Inc., DBA Motion Picture Distribution LP; YLEISRADIO OY, a Finnish company, AKA YLE; FS FILM OY, a Finnish company; THE ENDEAVOR AGENCY, LLC, a Delaware Limited Liability Company; ADRIANA ALBERGHETTI, individually and as an agent of The Endeavor Agency, LLC; FILM INDEPENDENT, INC., a California corporation, FKA Independent Feature Project/West; TURNER BROADCASTING SYSTEM, INC., a Georgia corporation; CW MEDIA SALES INC./CW VENTES MEDIA INC., a Canadian corporation; CANWEST GLOBAL COMMUNICATIONS CORP., a Canadian corporation; PARADISO HOME ENTERTAINMENT, a Dutch company; SANTA FE PRODUCTIONS NV, a Belgian Public Limited Liability Company, DBA Paradiso Entertainment;

2

PARADISO ENTERTAINMENT NEDERLANDS BV, a Dutch Private Limited Company; CW MEDIA, INC., a Canadian Corporation, formerly known as Alliance Atlantis Communications Inc., doing business as Motion Picture Distribution LP; DISTRIBUTION COMPANY, S.A., an Argentinian Company; JANE FONDA; JENNIFER LOPEZ, individually, and as an agent of Nuyorican Productions, Inc.; ROBERT LUKETIC; NEW LINE HOME ENTERTAINMENT, INC., a New York Corporation; NEW LINE INTERNATIONAL RELEASING, INC., a California Corporation; NEW LINE TELEVISION, INC., a California Corporation; WANDA SYKES; TIME WARNER INC., a Delaware Corporation; MICHAEL VARTAN; WARNER BROS. ENTERTAINMENT, INC., a Delaware Corporation; WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware Corporation, doing business as Warner Home Video, Inc.; WARNER COMMUNICATIONS, INC., a Delaware Corporation; WARNER HOME VIDEO, INC., a Delaware Corporation,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

3

Before: GILMAN,[***] TALLMAN, and N.R. SMITH, Circuit Judges.

Sheri Gilbert appeals the district court's orders dismissing and granting summary judgment to Appellees (collectively the "movie makers"), and awarding them attorney's fees, on her claims of copyright infringement. Gilbert, the author of the screenplay *When Mom's the Other Woman* ("*The Other Woman*"), asserts that Appellees, involved in the making of the 2005 movie *Monster-in-Law*, unlawfully copied drafts of her screenplay in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

The district court properly ruled that neither the *Monster-in-Law* film nor any of its preliminary drafts infringes any of the second, third, or fourth drafts of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*The Other Woman*.[1]  Even assuming that the movie makers had access to Gilbert's

drafts, there is not sufficient similarity between the protectible expression in the

various works to maintain a claim.[2]  *See Benay v. Warner Bros. Entm't, Inc.*, 607

F.3d 620, 624–25 (9th Cir. 2010).  *Monster-in-Law* and *The Other Woman* both tell

the story of a mother who meddles in her son's life and tries to break up his

engagement.  But basic plots are not protectible, *Berkic v. Crichton*, 761 F.2d

1289, 1293 (9th Cir. 1985), nor are elements that naturally flow from such

premises, so-called scènes à faire.  *Id.*  All of the decidedly few similarities

between *Monster-in-Law* and *The Other Woman* are unprotectible scènes à faire.

There was no abuse of discretion in awarding attorney's fees and costs to the

movie makers.  The district court properly considered the appropriate factors and

emphasized that the movie makers achieved complete success on the merits and

that Gilbert's legal claims were objectively unreasonable.  *See Maljack Prods., Inc.*

*v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).

---

[1]Because Gilbert failed to file her first draft for registration with the
Copyright Office prior to instituting suit, she may not pursue an infringement
action on that claim.  *Cosmetic Ideas, Inc. v. IAC/InterActiveCorp.*, 606 F.3d 612,
621 (9th Cir. 2010); *see also* 17 U.S.C. § 411(a).

[2]Gilbert also argues that substantial similarity need not be proven here where
there is direct evidence of exact copying.  *See Baxter v. MCA, Inc.*, 812 F.3d 421,
423 (9th Cir. 1987).  However, Gilbert fails to provide any facts or helpful
references to the record that indicate exact copying has occurred.

We must vacate the fees award in part, however, for the district court to reconsider the amount awarded for the movie makers' North Carolina counsel, who defended the action first filed there before the case was transferred to the Central District of California. The district court is required to make specific findings as to what rate and amount of time is reasonable in each case. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). It is error to "accept uncritically . . . counsel's representations concerning the time expended." *Id.*

The district court made appropriate and specific findings as to the rate and time expended by California counsel and ruled that the movie makers were entitled to $801,130 in attorney's fees. But the court made no mention of North Carolina counsel. After adding full costs of $14,571, the district court somehow entered a final award of $894,983. This $79,282 discrepancy is likely attributable to the services performed by North Carolina counsel. The declaration of one of the movie makers' attorneys requests $801,100 for the California firm's fees, $79,282 for North Carolina counsel's fees, and $14,571 for costs. It is not clear whether the court's final award is the result of an administrative error or the uncritical acceptance of counsel's representations. We must therefore vacate the award amount and remand for reconsideration because we cannot tell which it is.

6

We have carefully considered all the other arguments presented by Gilbert and have determined that they lack merit.

**AFFIRMED in part; REVERSED AND REMANDED in part.** Each party shall bear its own costs on appeal.