BRIDGE PUBLICATIONS, INC., a California corporation; Religious Technology Center, a California corporation; and Church of Scientology International, a California corporation, Plaintiffs,

v.

Enid VIEN, an individual; and Does 1 through 20, inclusive, Defendants.

No. CV 92–1539 H(M).

United States District Court, S.D. California.

May 4, 1993.

Toby L. Plevin, Westwood, CA, for defendants.

Neil F. Martin, Brown, Martin, Haller and McClain, San Diego, CA, Thomas M. Small, Small, Larkin, Kidde´& Golant, Los Angeles, CA, Helena K. Kobrin, Bowles & Moxon, Hollywood, CA, for plaintiffs.

## ORDER GRANTING SUMMARY JUDGMENT

HUFF, District Judge.

The above-captioned matter came on regularly for hearing before the Honorable Judge Marilyn L. Huff on April 26, 1993. Thomas M. Small appeared for plaintiffs and Toby L. Plevin appeared for defendant. Considering all of the papers, pleadings, motions and declarations before the court, and after hearing the matter, the court finds that no material issue of fact exists and plaintiffs are entitled to judgment as a matter of law on the copyright and trade secret claims.

### 1. Standard for summary judgment

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Any doubt as to the existence of any issue of material fact requires denial of the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The opposing party "cannot rest on the mere allegations or denials of his pleading, but [the] response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. However, the opposing party does not create a genuine issue of material fact by submitting her own affidavit which contradicts her prior deposition testimony. *Harkins Amusement Enterprises, Inc. v. General Cinema Corp.*, 850 F.2d 477, 482 (9th Cir.), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 817, 102 L.Ed.2d 806 (1989) (citing *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543–44 (9th Cir.1975), for the proposition that a party's inconsistent affidavit given *after* deposition testimony, in opposition to a summary judgment motion, does not create a *genuine* issue of fact).

### 2. Application of standard

#### a. Copyright claims

■ There are two elements to be proven in a copyright infringement action: (1) ownership of a valid copyright, and (2) copying of the copyrighted work. *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 206 (9th Cir.1988); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987). As this court has held in its rulings on the temporary restraining order and the preliminary injunction issued in this case, there is no issue of fact regarding plaintiffs' ownership of the copyrights on the literary works and sound recordings, published and unpublished. *See also* Declaration of Marilyn Pisani ("Pisani Decl."), ¶¶ 2, 5, 7, Exhibits C, I, L, O, R, U, X and AA; Declaration of Allan Cartwright ("Cartwright Decl."), ¶¶ 2–3, 5, 7, Exhibit B, E, and LLL; Declaration of Warren McShane ("McShane Decl."), ¶¶ 2, 5, 7, 9, Exhibits D and E.

Nor is there a genuine issue of fact regarding defendant's copying of, or directing the copying of, the copyrighted works. The undisputed evidence shows that defendant copied or directed her students to copy plaintiffs' copyrighted materials as part of a "Dynamism" course which she offered for sale. *See* Declaration of Gerri Salinas ("Salinas Decl."), ¶¶ 4–5, 8–11; Pisani Decl., ¶¶ 5, 7; Cartwright Decl., ¶¶ 5, 7; McShane Decl., ¶¶ 7, 9–10. Specifically, defendant would either copy the materials herself, or would give them to her students to copy. *See* Salinas Decl., ¶ 8; Deposition of Enid Vien ("Vien Depo."), Vol. I, p. 44, lines 3–20, p. 45, lines 15–21; p. 80, lines 8–19; Vol. II, P. 23, lines 2–12; p. 96, lines 1–12; p. 143, line 18—p. 144, line 8; Deposition of Mary Volk ("Volk Depo."), p. 25, line 17—p. 26, line 11. Additionally, defendant admitted in her November 4, 1992 Declaration that she must use bootleg or copied materials as part of the courses she offers her students.

■ Defendant's declaration in opposition to this motion contends that she never copied, or directed the copying of, the sound recordings. However, this is contradicted by her prior declaration and deposition testimony and, therefore, does not create a *genuine* issue of material fact. *Harkins Amusement Enterprises, Inc. v. General Cinema Corp.*, 850 F.2d 477, 482 (9th Cir.1988).

#### b. Sound recordings made prior to February 15, 1972

■ There is also no factual dispute that defendant copied, or directed the copying of, L. Ron Hubbard's tape recorded lectures which were fixed on tape prior to February 15, 1972 and, therefore, are protected under California Civil Code section 980(a)(2). *See Goldstein v. California*, 412 U.S. 546, 552, 93 S.Ct. 2303, 2307, 37 L.Ed.2d 163 (1973) (recordings fixed and sold prior to February 15, 1972 are not protected under federal copyright law, but may be given state protection); *Lone Ranger Television v. Program Radio Corp.*, 740 F.2d 718, 724 (9th Cir.1984). The uncontroverted evidence shows that defendant violated section 980(a)(2) by making copies of the recordings, or by having such copies made, without authorization. *See* Salinas Decl., ¶ 8(b); Cartwright Decl., ¶ 7. Again, defendant's declaration in opposition to the instant motion does not create a factual dispute in light of her earlier declaration and deposition testimony, which admit to copying and using "bootleg" L. Ron Hubbard tapes as part of her Dynamism courses. *See Harkins Amusement Enterprises, supra*, 850 F.2d at 482.

#### c. Trade secret claim

■ Finally, no genuine issue of fact exists as to whether defendant misappropriated plaintiffs' trade secrets in the works known generally as the "Advanced Technology." California Civil Code section 3426.1 defines a "trade secret" as information which has independent economic value from not being generally known, the secrecy of which has been reasonably protected, or reasonably attempted to be protected. A trade secret is misappropriated when, among other things, it is disclosed or used by another without consent, and at the time of disclosure or use that person knew the secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. Cal.Civ.Code § 3426.1(b). Similarly, under the common

law, a trade secret is determined by the extent to which the secrecy of the information is guarded, and according to the value of the information to the possessor and its competitors. *See* Restatement (First) of Torts, § 757, comment 6; *Chicago Lock Co. v. Fanberg,* 676 F.2d 400, 404 (9th Cir.1982); *Sinclair v. Aquarius Electronics, Inc.,* 42 Cal. App.3d 216, 221, 116 Cal.Rptr. 654 (1974).

█ The court finds that as a matter of law, plaintiffs' "Advanced Technology" qualifies as a trade secret, and that no factual dispute exists regarding defendant's misappropriation of these works through the courses offered to her students. *See* Vien Depo., Vol. I, p. 97, lines 5–10; p. 98, lines 8–18; Salinas Decl., ¶ 8; McShane Decl., ¶¶ 7, 10, Exhibit C.

### 1. Secrecy of materials

There is no factual dispute about whether plaintiffs have used reasonable steps to keep the materials secret. The Advanced Technology is confidential and kept under tight security, is disclosed only to those who have attained the requisite level of spiritual training, and cannot be accessed without first signing an agreement to maintain its secrecy and confidentiality. *See* McShane Decl., ¶¶ 3–4. Indeed, plaintiff knew of the confidential nature of the materials and signed a confidentiality agreement prior to their disclosure to her. *See* Vien Depo., Vol. I, p. 59 line 18—p. 60, line 12; Vien Depo. Vol. II, p. 25, line 5—p. 27, line 10, Exhibits 7 and 8 thereto; p. 31, line 4—p. 32, line 15.

Defendant attempts to create a factual issue about the secrecy of a portion of the Advanced Technology called "Power Processes," or "5 and 5a Processing," by declaring in opposition that she "studied [that portion] at a time when they were not deemed to be secret." However, this declaration is directly contradicted by defendant's earlier deposition testimony and the confidentiality agreement and, therefore, does not create a genuine issue of material fact. *See* McShane Decl., ¶ 12, Exhibits A, B, and C, attached to Reply; Declaration of Howard Gutfeld, ¶¶ 3–5, attached to Reply; Vien Depo., p. 11, line 6—p. 12, line 16, p. 15, line 17, p. 16, lines 1–16, p. 27, lines 13–14, attached to Reply.

Defendant also argues that other "issues of fact" remain as to the trade secret claim. These arguments are without merit. Defendant first claims that a certain portion of the Advanced Technology, known as "OT 3," has been repeatedly reported in print and broadcast media, thereby stripping its trade secret status. However, plaintiffs claim these publications are distortions of the secret materials and, therefore, plaintiffs make no claim of trade secret status or confidentiality as to any of these stories. Moreover, plaintiffs concede that any information in these stories should be excepted from any injunction this court might order. *See* McShane Decl., ¶¶ 7–11, attached to Reply.

█ Defendant next argues that plaintiffs cannot gain trade secret status for a portion of the Advanced Technology known as "NOTS," because a previous court, in a previous case with different defendants, dismissed trade secret claims on that material as a discovery sanction. Defendant offers no authority for this contention. Indeed, as the substantive merits of the earlier trade secret claim were not necessarily and finally adjudicated upon, and defendant was not a party to that suit, it appears that case has no res judicata or collateral estoppel effect here. *See generally Federated Dept. Stores v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Guild Wineries and Distilleries v. Whitehall Co., Ltd.,* 853 F.2d 755 (9th Cir.1988).

### 2. Independent economic value

Finally, there is no factual dispute as to the independent economic value of the Advanced Technology. It clearly has value to plaintiffs, who use proceeds from the sale of these materials, as well as other materials, to support the operations of Scientology Churches world-wide. *See* McShane Decl., ¶ 12. Indeed, the Supreme Court has recognized the economic need for churches to receive such proceeds, noting that "[i]t is plain that a religious organization needs funds to remain a going concern." *Murdock v. Commonwealth of Pennsylvania,* 319 U.S. 105, 111, 63 S.Ct. 870, 874, 87 L.Ed. 1292 (1943). These materials also have value to defendant,

a competitor of plaintiffs', who uses the Advanced Technology in the delivery of the courses for which she is paid. For example, defendant admitted that she would charge $3000 for a course package which includes the Advanced Technology materials known as "SOLO," "OT 1," "OT 2," and "OT 3." *See* Vien Depo., Vol. I, p. 97, lines 5–10; p. 98, lines 8–18.

Therefore, as no genuine issue of fact exists, the court finds as a matter of California statutory and common law that defendant has misappropriated plaintiffs' trade secrets.

### 3. *Defenses common to all claims*

#### a. Statute of limitations.

■■ Defendant argues, for the first time, that all claims in this action are barred by the statute of limitations.[1] In support of this argument defendant offers evidence that, in 1984, plaintiffs' officers had asked about defendant's knowledge of the Advanced Technology materials and were told she had those materials in her possession. *See* Declarations of Enid Vien and Lauren Allen attached to Opposition to Summary Judgment. However, these declarations reveal plaintiffs' representatives were also assured that defendant had not distributed or disclosed these materials. As defendant has the burden of proof on this affirmative defense, she must come forward with evidence that plaintiffs were on notice of all the elements of a trade secret violation. To the contrary, her evidence actually supports plaintiffs' position that they did not have such knowledge.

Defendant argues plaintiffs must have known about defendant's infringing activities because they knew she left the Church of Scientology to start her own ministry. This argument is without merit. Plaintiffs had always permitted Ms. Vien to learn and study the Advanced Technology pursuant to the above-referenced confidentiality agreement. The fact she may have had actual copies of the Advanced Technology, as opposed to her own notes and mental impressions, does not create an issue regarding plaintiffs' knowledge of all the elements of trade secret misappropriation. The argument that plaintiffs should have known that defendant would have disclosed the Advanced Technology to her students is also without merit. There is no evidence that plaintiffs knew of the potential use, if any, Ms. Vien might have for the Advanced Technology in her ministry.

The court finds these declarations fail to establish, or even raise a factual issue, that plaintiffs had knowledge, dating back to 1984, of any of the violations alleged in the complaint. The statute of limitations defense is, therefore, without merit. *See Intermedics, Inc. v. Ventritex, Inc.*, 775 F.Supp. 1258, 1265–66 (N.D.Cal.1991) (plaintiff's prior suit against defendant for "having knowledge of" plaintiff's trade secrets was not sufficient "discovery of the misappropriation" to start limitations period).

■■ Indeed, on the federal and state copyright claims, even if defendant's declarations establish plaintiffs' knowledge of defendant's unauthorized copying in 1984, there is substantial, uncontroverted evidence that defendant has violated these copyrights within three years of the instant suit.[2] Accordingly, these claims were timely filed. *See Hoey v. Dexel Systems Corp.*, 716 F.Supp. 222 (E.D.Va.1989) (where there is a continuing violation of the copyright, the action is timely as to infringing acts accruing within the 3–year limitations period); *cf. Mangini v. Aerojet–General Corp.*, 230 Cal.App.3d 1125, 281 Cal.Rptr. 827 (1991) (every continuation of a nuisance gives rise to a separate claim for damages under the 3–year limitations period in Civ.Proc.Code § 338(1)).

#### b. First amendment.

■■ As this court stated in its Order Granting Preliminary Injunction, plaintiffs'

---

1. The relevant statute of limitations are: 17 U.S.C. § 507 (3 years for federal copyright claims); Cal.Civ.Proc.Code § 338(1) (3 years for state copyright claims based on Cal.Civ.Code § 980(a)(2)); Cal.Civ.Code § 3426.3 (3 years for trade secret misappropriation).

2. It should be noted, however, that defendant's declarations merely point to plaintiffs' alleged knowledge of Ms. Vien's *possession* of portions of the Advanced Technology materials. There is no evidentiary basis to find that, dating back to 1984, plaintiffs' knew of defendant's unauthorized *copying* of any of the materials at issue.

claims for copyright and trade secret protection are not barred by the religious nature of the works. The court expressly held that enforcing plaintiffs' rights in these works violated neither the establishment clause nor the free exercise clause. *See United Christian Scientists v. Christian Science Bd. of Directors, First Church of Christ Scientist,* 829 F.2d 1152, 1159 (D.C.Cir.1987) ("normally, a grant of copyright on a religious work poses no constitutional difficulty. Religious works are eligible for protection under general copyright laws"); *Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott,* 869 F.2d 1306, 1309–10 (9th Cir.1989) (religious material can qualify as a trade secret under California law if it confers on its owner an actual economic advantage over competitors); *Religious Technology Center v. Wollersheim,* 796 F.2d 1076, 1090–91 (9th Cir.), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987); *see also Jones v. Wolf,* 443 U.S. 595, 604, 99 S.Ct. 3020, 3026, 61 L.Ed.2d 775 (1979); *Order of St. Benedict of New Jersey v. Steinhauser,* 234 U.S. 640, 644, 34 S.Ct. 932, 933, 58 L.Ed. 1512 (1914).

Defendant argues that because plaintiffs refuse to sell defendant the materials she needs to practice her religion, enforcing the copyrights and trade secret rights restricts her free exercise of religion, and unconstitutionally prefers the religion of Scientology over defendant's religion. Defendant has offered no authority supporting this contention. Rather, the case law cited supports the proposition that neutral application of copyright and trade secret law to religious works does not offend the constitution.

4. *Specific defenses*

a. Fair use of the copyrighted works.

■■■■ Defendant raises, for the first time, the applicability of the "fair use doctrine" to the works at issue. Section 107 of the Copyright Act provides that

the fair use of a copyrighted work ... for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use

made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

In determining "fair use" under the statute, it is necessary to balance the four factors flexibly. *Fisher v. Dees,* 794 F.2d 432, 435 (9th Cir.1986). Balancing these factors here results in a finding that defendant's use is not protected by the statute.

■■■■ The first factor weighs against a finding of fair use. The uncontroverted evidence shows that defendant uses the copyrighted works as an integral part of the Dynamism courses she sells to her students. *See* Salinas Decl., ¶¶ 4–5, 6, 8–11, Exhibit B; Pisani Decl., ¶¶ 5, 7; Cartwright Decl., ¶¶ 5, 7; McShane Decl., ¶¶ 7, 9–10; Vien Depo., Vol. II, p. 23, lines 2–12; p. 96, lines 1–12; p. 143, line 18—p. 144, line 8. Indeed, defendant admits to having earned up to $12,000 a year for the ten years she has been offering these courses. *See* Vien Decl., ¶ 6, attached to Opposition. In general, commercial use of copyrighted material is presumptively unfair (*Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 449–51, 104 S.Ct. 774, 792–93, 78 L.Ed.2d 574 (1984)), whereas noncommercial use weighs in favor of the defendant. *See, e.g., Marcus v. Rowley,* 695 F.2d 1171, 1175 (9th Cir.1983). Defendant's fair use claim is further weakened under the first factor because she uses the copyrighted works for the same intrinsic purpose as plaintiffs. *See Marcus,* 695 F.2d at 1175; *Weissmann v. Freeman,* 868 F.2d 1313, 1324 (2nd Cir.), *cert. denied,* 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989).

■■■■ The second factor also weighs against a finding of fair use. When the nature of the copyrighted works is creative, as opposed to informational, use of those works is less likely to be deemed fair. *See*

*Abend v. MCA, Inc.,* 863 F.2d 1465, 1481 (9th Cir.), *aff'd* 495 U.S. 207, 110 S.Ct. 1750, 109 L.Ed.2d 184 (1990). The undisputed evidence shows that L. Ron Hubbard's works are the product of his creative thought process, and not merely informational.

The third factor also weighs against defendant. The undisputed facts show that defendant has substantially copied each work at issue, and in some cases the whole work. *See* Pisani Decl., ¶ 7; Cartwright Decl., ¶ 7; McShane Decl., ¶ 9. This weighs heavily against a finding of fair use, especially considering the commercial nature of the use. *See, e.g., Marcus,* 695 F.2d at 1176 ("wholesale copying of copyrighted material precludes application of the fair use doctrine"); *Abend,* 863 F.2d at 1481 (wholesale copying for a purely commercial purpose may never be a fair use).

The fourth factor concerns "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. As this court discussed previously in the trade secret context, since defendant uses the works for the same purpose intended by plaintiffs, it appears defendant's unauthorized copies fulfill "the demand for the original" works and "diminish or prejudice" their potential sale. *See Hustler Magazine, Inc. v. Moral Majority, Inc.,* 796 F.2d 1148, 1155–56 (9th Cir.1986). This factor goes against defendant as well.

Finally, the court finds defendant's use does not fit within the special guidelines approved by Congress as to fair use in the educational context. *See* Notes of Committee on the Judiciary, House Rep. No. 94–1476, *reprinted in* 17 U.S.C.A. pp. 113–14; *Marcus v. Rowley,* 695 F.2d 1171, 1178 (9th Cir.1983). Defendant's copying and use of the works was not restricted to one copy for her own use in teaching. Additionally, the undisputed evidence shows defendant's copying was not limited and spontaneous, but was extensive and methodical, and consisted of copying from the same author; time after time. This is clearly not within the letter or spirit of the Congressional guidelines.

Under the circumstances of this case, and after balancing the four statutory factors, as well as the Congressional guidelines on fair use in the educational context, the court finds as a matter of law that defendant is not entitled to fair use protection. *See Marcus,* 695 F.2d at 1178–79 (summary judgment may be granted on the fair use issue); *Hustler Magazine,* 796 F.2d at 1150–51 (same).

### 5. *Permanent injunction*

Plaintiffs have requested permanent injunctive relief on the four claims at issue. As plaintiffs are entitled to summary judgment on those claims, the court will grant such relief. *See* 17 U.S.C. § 502 ("[a]ny court having jurisdiction of a civil action arising under this title may ... grant ... final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); Cal.Civ.Code § 3426.-2(a) ("[a]ctual or threatened misappropriation [of a trade secret] may be enjoined"); *Chicago Lock Co. v. Fanberg,* 676 F.2d 400, 404 (9th Cir.1982) (common law trade secret misappropriation enjoinable under purview of 'unfair competition' under Cal.Civ.Code § 3369); *see generally A & M Records v. Heilman,* 75 Cal.App.3d 554, 142 Cal.Rptr. 390, *appeal dismissed* and *cert. denied* 436 U.S. 952, 98 S.Ct. 3063, 57 L.Ed.2d 1118 (1978) (affirming grant of motion for summary judgment and injunction as to defendant's unauthorized copying and sale of tape recordings).

IT IS SO ORDERED.