35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHURCH OF SCIENTOLOGY INTERNATIONAL, a California Non-Profit
Religious Organization, Plaintiff/Appellant,
v.
Steven FISHMAN; Uwe W. Geertz, Defendants/Appellees.
 No. 94-55443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 30, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Church of Scientology International appeals the district court's denial of its motion to seal or return certain documents in the district court's case file. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion. See Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978). We conclude that resolution of the issue before the court requires that the district court make factual findings regarding whether the disputed documents (1) contain trade secrets or (2) were relevant to any defenses that defendants might have raised, or were merely surplusage filed for motives not pertinent to this case.
 
 I. Public access to judicial records
 
 3
 We reject defendants' argument that the district court lacked authority to seal or return the disputed documents. We have held that there is a "strong presumption" in favor of the public's right of access to judicial records. Valley Broadcasting Co. v. United States Dist. Ct., 798 F.2d 1289, 1294 (9th Cir.1986). However, that right is not absolute:
 
 
 4
 Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs for libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.
 
 
 5
 Nixon, 435 U.S. at 598 (citations omitted); see also Valley Broadcasting, 798 F.2d at 1294 (citing Nixon ).
 
 
 6
 Defendants' reliance on Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984) for the proposition that the First Amendment prohibits a court from sealing any materials a party obtains from means other than discovery is misplaced. In Seattle Times, the Court ruled that upon a showing of good cause, courts could issue protective orders limiting a party's right to disseminate information obtained through discovery so long as such orders do "not restrict the dissemination of the information if gained from other sources." Id. at 37. Thus, Seattle Times might prohibit the district court from issuing an order preventing the defendants from disseminating the disputed documents since those documents were not obtained through discovery. Seattle Times does not, however, prevent the district court from sealing or returning documents contained in its files.
 
 
 7
 For similar reasons, defendants' argument that sealing the documents would constitute an impermissible prior restraint on speech is without merit. In Rodgers v. United States Steel Corp., 536 F.2d 1001, 1005 n. 8 (3d Cir.1976), the district court had ordered that "counsel for the Plaintiffs shall not disclose or disseminate the content of any information or matters contained in" a certain deposition. The Third Circuit held that because the protective order prohibited plaintiffs' counsel from disclosing information obtained through means other than discovery, it constituted a prior restraint on speech. Id. at 1007-1008. Here, Scientology has specifically represented to this court that it is not seeking an order preventing defendants from disseminating information which they obtained through means other than discovery. See Opening Brief at 19 ("CSI has not requested any relief which is directed to the [defendants'] future conduct with regard to the Advanced Technology materials.").
 
 
 8
 Thus, the district court had the authority to issue a protective order sealing or returning the disputed documents.
 
 
 9
 II. The Establishment and Free Exercise Clauses
 
 
 10
 We also reject Scientology's argument that the district court's failure to seal or return the documents violated the Establishment and Free Exercise Clauses of the First Amendment. The district court did not "overrule" Scientology's ecclesiastical judgment on a matter of faith and doctrine. Compare Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 709 (1976). The district court did not in any way rely on or interpret Scientology's religious doctrines. Scientology has pointed to no record evidence that its religion played any role in the district court's decision. Milivojevich and the other cases cited by Scientology are inapplicable.
 
 
 11
 Scientology's argument that the district court's denial of its motion to seal constituted a non-neutral governmental action that impinged on the free exercise of religion is also without merit. It relies on Church of Lukumi Babalu Aye v. Hialeah, 113 S.Ct. 2217 (1993). In Hialeah, the Court overturned an ordinance prohibiting animal sacrifices because (1) the purpose of the ordinance was to suppress elements of the Santeria worship service and (2) it was not justified by a compelling state interest. Like Hialeah, Scientology argues that the district court's action was non-neutral because the district court's "revelation" of upper level materials affects only one group: the Church of Scientology and its parishioners. The district court did not "reveal" upper level materials to anyone. Further, Scientology has pointed to no evidence indicating that the district court's actions were motivated by its desire to affect the exercise of the Scientology religion. Compare Hialeah, 113 S.Ct. at 2227 ("The record in this case compels the conclusion that suppression of the central element of the Santeria worship service was the object of the ordinances.").
 
 III. Failure to Make Factual Findings
 
 12
 Scientology urges that the disputed documents be sealed or returned to the defendants because they contain trade secrets and are irrelevant to any defenses that might have been raised in the underlying libel suit. In determining whether to grant or deny the protective order sought, district courts must balance the parties' and the public's respective interests. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.), cert. denied, 113 S.Ct. 198 (1992); Valley Broadcasting, 798 F.2d at 1294; see also Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 363 (1979). The absence of factual findings regarding whether the disputed documents contained trade secrets or were relevant to any potential defenses precludes proper balancing.
 
 IV. Considerations on Remand
 A. Trade Secrets
 
 13
 On remand the district court should first consider whether the disputed documents contain trade secrets of the Church of Scientology. Under California law, a trade secret is defined as
 
 
 14
 information ... that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
 
 
 15
 Cal.Civ.Code Sec. 3426.1(d).
 
 
 16
 Contrary to defendants' assertion, we have not held that upper level materials can never be entitled to trade secret protection. In Religious Technology Center v. Scott, 869 F.2d 1306, 1309-10 (9th Cir.1989), we held that Scientology's upper level materials might be protectable as trade secrets if Scientology could prove it obtained "actual economic advantage over competitors" (in addition to the other elements of a trade secret) through the use of the upper level materials. Since our decision in Scott, at least one court has held that the upper level materials constitute trade secrets. Bridge Publications, Inc. v. Vien, 827 F.Supp. 629 (S.D.Cal.1993).
 
 
 17
 The district court may conduct whatever additional inquiry is necessary to determine whether the disputed documents contain trade secrets. It may wish to take into consideration some of the observations we have made while reviewing the record. Many of the documents Scientology seeks to seal contain specific information regarding upper levels OT-I through OT-VIII. Defendants filed the declarations of Matthew D. Berger and Gordon J. Calhoun in the district court (C.R. 717 and 603) to support their argument that Scientology upper level materials are widely publicized and therefore not entitled to trade secret protection. Our review of those declarations indicates that materials for upper levels OT-I, OT-II and OT-III have been widely publicized. However, only one of the approximately one-hundred press articles in those declarations (Exhibit 10 of the Berger Declaration) contains any specific information about upper levels OT-IV, OT-V and OT-VI, and this information is very limited. None of the exhibits contain specific information about upper levels OT-VII and OT-VIII.
 
 
 18
 B. Relevance of disputed documents to possible defendants
 
 
 19
 Defendants have failed to explain how the inclusion of the upper level materials as exhibits to various court filings could have helped them in their defense to the underlying libel suit. On remand, the district court should consider and make findings regarding whether the upper level materials were relevant to any defenses defendants might have raised. Fed.R.Civ.P. 12(f).
 
 
 20
 C. Circumstances Warranting a Protective Order
 
 
 21
 The district court should order that the documents be sealed or returned to the defendants if, on remand, Scientology can establish that the disputed documents (1) contain trade secrets and (2) are irrelevant to any defenses. In such case, the failure to issue a protective order would allow the defendants to use the district court's files as a "vehicle for an improper purpose," i.e. misappropriation of trade secrets.
 
 
 22
 If the district court determines that the disputed documents contain trade secrets, but were relevant to potential defenses, then the district court should weigh Scientology's "claim to privacy against the need for disclosure." Merrill, 443 U.S. at 362. We note, however, that unlike most cases involving requests for protective orders, the alleged trade secrets are in the possession of the party seeking their disclosure, i.e. the defendants. Their interest in disclosure is therefore minimal. Thus, the district court should balance Scientology's interest in keeping trade secrets confidential only against the public's interest in obtaining access to judicial records.
 
 
 23
 The district court may, of course, order the documents sealed or returned if it determines that the defendants were intentionally abusing the judicial process.
 
 CONCLUSION
 
 24
 We remand for the district court to make factual findings regarding the trade secret status and relevance of the disputed documents. The district court's review should be limited to the documents listed in the excerpts of record filed with this court at pages 358-362. To assist the district court in locating those documents, Scientology is ordered to provide the district court with the docket entry number of each document.
 
 
 25
 Our review of the voluminous record convinces us that both parties have filed numerous frivolous motions and documents with the district court. On remand, the parties should limit their court filings to the narrow issue now before the court. If either party continues to file frivolous materials relating to this or any other issue, the district court, of course, recognizes its broad discretion to impose sanctions.
 
 REVERSED and REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3