304 F.2d 251
 SUNSET HOUSE DISTRIBUTING CORP., a corporation, and American Cover Co., Inc., a corporation, Appellants,
v.
Verna H. DORAN, William E. Doran and Verna H. Doran dba Plasti-Personalities, a sole proprietorship, Appellees.
 No. 17721.
 United States Court of Appeals Ninth Circuit.
 June 18, 1962.
 
 Vaughan, Brandlin, Robinson & Roemer, Richard I. Roemer, and Marvin A. Freeman, Los Angeles, Cal., for appellants.
 Richard F. Carr, and William E. Moore, Los Angeles, Cal., for appellees.
 Before STEPHENS, CHAMBERS and BARNES, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 This is a contest between two rumpled Santa Clauses. Both begin their inanimate life as red flat plastic bags with some decoration and faces thereon. In this form, they are sold to the purchaser, who stuffs them with crumpled newspapers. The result is a fat life-sized dummy Santa Claus. Only the face on each, which is a happy one, contradicts the otherwise disheveled appearance of both.
 
 
 2
 The use is obvious. At the Christmas season they are marketed to some storekeepers for decorative purposes and to fond parents for their children.
 
 
 3
 The Dorans' Santa Claus was made first and copyrighted. It met with commercial success. Then Sunset House, with American Cover Co. as its manufacturer, copied the product and Sunset marketed it.
 
 
 4
 Dorans, unhappy, went to court charging Sunset and American Cover Co. with infringement of their copyright and unfair competition. Judgment went in favor of the Dorans. The judgment against the defendants was for $2,291, the statutory penalty (17 U.S.C. § 101 (b)) of one dollar for each infringing copy, and it was ordered that there be no further infringement of the Doran copyright.
 
 
 5
 Obviously, Santa Claus belongs to the whole world, and next he may be exported to outer space. He belongs to none of the parties.
 
 
 6
 No court can properly enjoin parties from the whole field of manufacturing Santa Claus. But defendants' trouble is that their Santa Claus was just a lazy copy of the Doran Santa Claus. There was some slight variation in design which was made by the defendants, but not much. They even copied plaintiffs' uncopyrighted instruction sheet, which shows how defendants went about the thing. We are cognizant that there was even some difference between plaintiffs' copyrighted garment and their marketed product. But here the trial court had fact questions which it resolved against defendants and we cannot say the determination was clearly erroneous.
 
 
 7
 The court below has not enjoined defendants from making a Santa Claus, a red and white plastic Santa Claus, or a Santa Claus with a slit in his back to permit him to be stuffed with newspapers. It is not our function to design a Santa Claus for appellants that will be beyond the pale of an injunction, but it is obvious that such can be done.
 
 
 8
 While we cannot decide the appeal in favor of appellants, nonetheless there was substantial merit to their appeal. Accordingly, we deny the request to increase for the work here the amount of attorney fees awarded in the trial court.
 
 
 9
 Affirmed.