Bradley ARTHUR, a/k/a B. Art, Plaintiff,

v.

AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants.

No. 84 Civ. 1279(RO).

United States District Court, S.D. New York.

Dec. 23, 1985.

Gustave Harrow, New York City, of counsel, for plaintiff.

Coudert Brothers, New York City (Michael J. Calvey, Laura R. Handman, of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge.

American Broadcasting Companies, Inc. has long used as a trademark a lower case a, b, and c in a rounded typescript surrounded by a circle. The Olympics Committee symbol is the famous five interlocking rings protected by 36 U.S.C. § 380. Starting in 1984, ABC has used a special logo for its television broadcasts of the Olympics, in which the three upper circles of the Olympic symbol have in effect superimposed over them ABC's lower case initials. See Appendix A. It is this special symbol which is at controversy here, for plaintiff Bradley Arthur, a hitherto little-known sculptor, claims that he conceived of the ABC–Olympics logo in a sudden flash of inspiration in 1976 and shortly after his inspiration, mailed an (uncopyrighted) "presentation" of this idea to ABC. Next, he attempted to register sketches of his idea with the copyright office, which, however, rejected them as uncopyrightable. Arthur received no response from ABC to his "presentation." Later he made a sculpture embodying his idea using welded brass rings, and successfully registered the sculpture

with the copyright office. See Appendix A. In December 1977, he mailed a photograph of this sculpture to ABC. ABC having begun the use of its logo in 1984, plaintiff asserts infringement of his previously copyrighted sculpture, in violation of 17 U.S.C. § 101 *et seq.*

ABC moves for summary judgment, claiming that even if—arguendo—access is presumed,[1] Arthur's design or the copied portion thereof is not copyrightable. Therefore, for the purposes of this motion, I take plaintiff's account of the facts, summarized above, as true.

■ Since "[i]n no case does copyright protection ... extend to any idea, ... concept, principle, or discovery," 17 U.S.C. § 102(b), the copyright office correctly rejected Arthur's first sketches as lacking originality. These bare outlines of five interlocking rings, the upper three of which have been modified to a lower case a, b and c, contain no more than the bare idea or concept of superimposing the two logos. The copyright office on the other hand, properly did accept the sculpture as an embodiment of the idea in a "sculptural work," 17 U.S.C. § 102(a)(5). Obviously, however, by copyrighting the sculpture, plaintiff could not acquire a monopoly on the *idea* of the combination of the five rings, but rather at most a right to his particular sculptural execution of this idea.[2]

■ To prevail in a copyright action, plaintiff must show either direct copying or that defendant had access to his sculpture and "substantial similarity" between the *protectible* features of the copyrighted work and those of the allegedly infringing work. *E.g., Warner Bros. Inc. v. American Broadcasting Companies,* 654 F.2d 204 (2d Cir.1981), *Ideal Toy Corp. v. Fab-Lu Ltd.,* 360 F.2d 1021 (2d Cir.1966). In applying this standard, of course, only the protected "embodi[ment]", not the underlying concept of the combination of the two logos, may be considered. 17 U.S.C. § 102(b) and (a)(5); *Mattel, Inc. v. Azrak-Hamway Int'l.,* 724 F.2d 357 (2d Cir.1983).[3] Thus viewed, Arthur's rough twisted brass rings are so strikingly different from ABC's polished and modern version as to be, as a matter of law, insufficiently similar to permit this action for infringement to proceed.[4]

■ ABC's motion for summary judgment dismissing the complaint is therefore granted, as is ABC's motion to dismiss plaintiff's state law claim on the ground that the statute, N.Y. Art & Cult. Affairs § 14.57 and Historical Note, clearly applies only to acts occurring after January 1, 1984. All the alleged acts here appear to precede that date.

■ ABC's motion for summary judgment on its counterclaim of trademark infringement and dilution, contending that plaintiff's attempts to sell his sculpture infringe on the ABC mark is, however, denied, no showing of "confusion" having been made.

Arthur's cross-motion for summary judgment claiming no issue remains as to ac-

---

1. ABC denies access, asserting it has no awareness of plaintiffs alleged earlier submission, and proffers affidavits, which, if credited, demonstrate independent creation on its part.

2. Query whether plaintiff has even this right in his sculpture obviously fashioned for "trade", in view of the exclusive rights to the interlocking rings accorded the United States Olympic Committee by 36 U.S.C. § 380.

3. Differing versions of an unprotectible idea, whether Santa Clauses or Neanderthal figures, are not restrainable by the copyright holder of one of the versions. *Mattel, Inc. v. Azrak-Hamway Int'l., Inc.,* 724 F.2d 357, 360 (2d Cir.1983). Here, as in *Mattel,* "nearly all of the similarity can be attributed to the fact that both are artist's renderings of the same unprotectible idea." 724 F.2d at 360. The situation here is thus quite different from that in *Sunset House Distributing Corp. v. Doran,* 304 F.2d 251 (9th Cir.1962), where the court while holding that "[n]o court can properly enjoin parties from the whole field of manufacturing Santa Claus", went on to explain that, "defendant's trouble is that their Santa Claus was just a lazy copy of the Doran Santa Claus."

4. Direct copying does not appear to be at issue here.

cess or independent creation, and that he is entitled to judgment as a matter of law on the copyrightability issues is necessarily denied given the foregoing.

Submit order on notice.

## APPENDIX A