**James L. GRUBB, Jr., Plaintiff,**

v.

**NATIONAL FOOTBALL LEAGUE PROPERTIES, INC. and KMS Patriots, L.P., Defendants.**

**Civ. A. No. 94–10245–EFH.**

United States District Court, D. Massachusetts.

Oct. 23, 1995.

Blair L. Perry, Fish & Richardson, Boston, MA, for plaintiff.

Daniel L. Goldberg, Bingham, Dana & Gould, Boston, MA, for defendants.

*MEMORANDUM AND ORDER*

HARRINGTON, District Judge.

This matter is before the Court on the Defendants National Football League Properties' ("N.F.L. Properties") and KMS Patriots' ("Patriots") Renewed Motion for Summary Judgment. This is a copyright infringement action in which the Plaintiff, James L. Grubb, Jr., claims authorship of the current New England Patriots' logo. Conversely, the defendants claim that a California graphic artist, Kenneth Loh, created the design. In addition, they maintain that Mr. Loh began working on the logo before the plaintiff even submitted his drawing to the Patriots.

In a motion for summary judgment, the Court construes inferences drawn from the facts in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The New England Patriots are a professional football team that is a member of the National Football League. On January 17, 1993, the New England Patriots informed National Football League Properties ("N.F.L. Properties") that they were considering changing their logo for the upcoming season.[1] The Patriots would use this design on their helmets, uniforms, and other team articles. Two Patriots' employees, Michael Hansen and Mitchell Harden, went to Los Angeles, California, on January 27, 1993, to discuss the project with N.F.L. Properties. They explained that the logo had to be completed quickly so that the league could approve it before the beginning of the next football season. As a result, the Patriots' employees requested that the logo had to be completed within the next few weeks.

N.F.L. Properties contracted with several independent design firms to help in the production of the logo. One of these companies was Evenson Design Group ("Evenson") of

---

1. N.F.L. Properties coordinates design and publishing production assignments for the National Football League.

38

Culver City, California. On January 27, 1993, Bradley Jansen of N.F.L. Properties contacted Evenson about the project. The parties agreed that the design firm should immediately begin work on the new logo. Mr. Jansen sent a Federal Express overnight package to Evenson that included a purchase order and other project details on January 27, 1993. Among the contents of this parcel were designs that the Patriots had considered adopting, but did not use, in 1979. The design firm signed for the package on the next day, January 28, 1993.

Evenson chose an employee named Ken Loh to design the logo. Mr. Loh began work on January 28, 1993. Both the plaintiff and the defendants stipulated that the software program that Evenson used to record Mr. Loh's work was contemporaneously-prepared and did not allow backdating. These records indicate that Mr. Loh drew a "thumbnail" sketch of his proposed Patriot's logo on January 28, using the proposed 1979 Patriots' design as an inspiration. It featured the face, head, cape, and hat of a colonial soldier with a flag projecting from the rear of the figure's head. The logo also displayed a star on the hat above the head of the character. During the remainder of January, 1993, Mr. Loh enhanced the sketch. He colored the face white, the remaining part of the head and face blue, the star silver with a white border, and two stripes of the flag red.

On February 12, 1993, Evenson sent Loh's design to N.F.L. Properties. Representatives of N.F.L. Properties then met with the Patriots at the team's offices in Foxborough, Massachusetts, on February 18, 1993. They showed the team many proposed logos including Mr. Loh's. Mr. Loh continued to make revisions to the design until the Patriots approved his pattern as their new logo on March 5, 1993. On March 31, 1993, the Patriots held a press conference at the Four Seasons Hotel in Boston, Massachusetts, and introduced the new logo to the public.

James Grubb, Jr., a resident of Medford, Massachusetts, also designed a logo for the Patriots. He had learned from the local news media that the Patriots were planning to change their team logo. Mr. Grubb delivered an envelope containing his unsolicited proposed design to Foxborough on February 9, 1993. His drawing included a head wearing a tricolor hat. It also showed the face in a blue-colored profile with alternating red and white stripes extending from the back of the head. The red stripes curved downward and narrowed to points extending backwards from the head. Mr. Grubb asserts that the design the Patriots adopted is so similar to his that the team must have copied it from his suggested drawing. He is the holder of a Certificate of Copyright Registration for his design which the United States Copyright Office issued effective February 1, 1994.

The Court may grant summary judgment if no "genuine issue" of material fact exists and the evidence entitles the moving party to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). A moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden then shifts to the opponent of the motion and that party must establish the existence of a genuine issue for trial. *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989).

In a copyright infringement action, the plaintiff must prove two elements to prevail: (1) ownership of a valid copyright; and (2) the alleged infringer copied that protected work. *Concrete Machinery Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 605 (1st Cir.1988). Because parties rarely witness the act of copying, it is usually not possible for a party to produce direct evidence of copying. The litigant, however, can demonstrate copying by showing that the defendant had (1) access to the copyrighted work; and (2) the offending and copyrighted works are "substantially similar." *Id.* at 606. A party must prove that the alleged copyright infringer had access to his work by a preponderance of the evidence. *Takeall v. Pepsico*, 809 F.Supp. 19, 21 (D.Md.1992), *aff'd*, 14 F.3d 596 (4th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). The question before the Court is whether Mr. Loh had any reasonable opportunity to view Mr. Grubb's work.

The Court grants summary judgment because it finds two reasons why Mr. Loh could not have had access to Mr. Grubb's work. Summary judgment may be appropriate if the nonmovant only submits "... conclusory allegations, improbable inferences, and unsupported speculation." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990) (citation omitted). First, the plaintiff has not shown any evidence that Mr. Loh ever saw his proposed Patriots' design. The plaintiff has not demonstrated, for example, that the envelope, containing Mr. Grubb's drawings, reached Evenson in California by way of the Patriots or its intermediary, N.F.L. Products. Instead, the plaintiff speculates that the defendants must have had access to Mr. Grubb's work due to the similarity between the two designs. Mr. Loh, however, testified that he never saw Mr. Grubb's work. N.F.L. Properties' employees and Patriots' executives, responsible for the logo's production, also have testified that they never saw the plaintiff's proposed logo. To deny the motion for summary judgment, the Court would have to discredit the testimony of the defendants' witnesses. "It is well-settled that, on summary judgment, absent specific facts, discrediting testimony from a witness associated with the defendant, and absent a direct *conflict* in the testimony, the plaintiff (although entitled to have his *own* evidence taken as true) is not entitled to have the defendant's evidence positively disbelieved." *Takeall*, 809 F.Supp. at 23 (citations omitted).

In addition, the Court grants the defendants' motion because the Patriots established and followed a policy that was set up to prevent the people responsible for designing the logo from seeing any design submissions from the public. *See, e.g., Vantage Point, Inc. v. Parker Bros., Inc.*, 529 F.Supp. 1204 (E.D.N.Y.1981) (granting summary judgment in part because evidence of company's policy of not accepting unsolicited ideas). When the news media reported that the Patriots were considering changing their logo, the team became inundated with suggestions. The Patriots told the public that the team had charged N.F.L. Creative Services with the design of the logo and they were not taking unsolicited ideas. Many fans, however, continued to send the Patriots designs despite being given this information. As a result, the Patriots adopted a policy to keep these fan submissions in an area away from team employees who were working on the logo. Team representatives testified that they did this to avoid potential logistical problems and the risk of potential copyright or trademark liability. The plaintiff has not proven that this team policy broke down thereby enabling Mr. Loh, or anyone else responsible for the logo's design, to see or to have access to Mr. Grubb's proposal.

Finally, the Court also finds that Mr. Loh composed his design independently of Mr. Grubb's work. "Although access plus substantial similarity is required to show copying, the trier of fact may nonetheless find no copying if the defendant shows independent creation." *Concrete Machinery*, 843 F.2d at 606 n. 6 (citations omitted). Both the plaintiff and the defendants stipulated that no one could backdate the software program that Evenson used to record an employee's office time and work product. These records show that Mr. Loh began working on the Patriots' design on January 28, 1993. Loh's "thumbnail sketches" from that day (based on the Patriots' proposed 1979 design) clearly bear a resemblance to the logo that the team eventually adopted. Mr. Grubb, however, did not submit his unsolicited logo to the Patriots until February 9. Therefore, Mr. Loh could not have used the plaintiff's ideas as a basis for his drawings if he had begun his work almost two weeks before Mr. Grubb delivered his logo to the Patriots' offices in Foxborough, Massachusetts.

For the reasons set forth above, the Court hereby enters summary judgment in favor of the defendants.

SO ORDERED.