USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2375 JAMES L. GRUBB, JR., Plaintiff - Appellant, v. KMS PATRIOTS, L.P. AND NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ _____________________ Blair L. Perry, with whom Heidi E. Harvey and Fish & ________________ _________________ _______ Richardson P.C. were on brief for appellant. _______________ Daniel L. Goldberg, with whom Paul M. Robertson and Bingham, __________________ _________________ ________ Dana & Gould were on brief for appellees. ____________ ____________________ ____________________ TORRUELLA, Chief Judge. Plaintiff-Appellant James L. TORRUELLA, Chief Judge. ___________ Grubb, Jr. ("Grubb" or "Plaintiff"), challenges the district court's grant of summary judgment for Defendants-Appellees KMS Patriots, L.P. (the "Patriots"), and National Football League Properties, Inc. ("NFL Properties") (collectively "Defendants"), on Grubb's claims of copyright infringement under 17 U.S.C.  501. We affirm the decision of the district court. I. BACKGROUND I. BACKGROUND Resolving reasonable inferences in favor of Grubb, the nonmovant, the summary judgment materials show the following. The Patriots, a professional football team and a member of the National Football League, informed NFL Properties on January 17, 1993, that they were considering a logo change for the upcoming season. NFL Properties, among other tasks, manages design and publishing production assignments for the National Football League. At a meeting between Patriots officials and NFL Properties representatives on January 27, 1993, the Patriots asked that the design of the new logo be created within the next few weeks. Accordingly, NFL Properties contacted several independent design firms. On January 27, 1993, Bradley Jansen ("Jansen") of NFL Properties approached Evenson Design Group ("Evenson") about the project, and Evenson agreed to begin work. Via overnight courier, Jansen sent to Evenson a package containing, among other things, a purchase order and designs similar to the one that the Patriots had considered and rejected -2- in 1979 ("the 1979 proposed Patriots logo"). Jansen continued to be in contact with, and meet with, Patriots employees thereafter. The package was received on January 28, 1993. In his deposition, Ken Loh ("Loh"), an Evenson employee, stated that he began sketching the design that the Patriots eventually chose to replace their old logo ("the Patriots' new logo"). With the aid of his timesheets, which were generated by a computer program that both Plaintiff and Defendants have stipulated could not be backdated, Loh indicated that he had virtually completed the Patriots' new logo by February 4, 1993. Referring to his timesheets, Loh stated that as of that date he began work on creating other logos and revising the logo he had already created, which he identified as the Patriots new logo. On February 12, 1993, Evenson sent Loh's design to NFL Properties. Representatives of NFL Properties met with the Patriots on February 18, 1993. The Patriots were shown many proposed logos, including Loh's. The Patriots selected Loh's design as their new logo on March 5, 1993. Meanwhile, on February 9, 1993, having heard through the news media that the Patriots planned to change their logo, Grubb submitted an unsolicited proposed design ("Grubb's design") to the Patriots' office in Foxborough, Massachusetts. In his deposition, Grubb stated that he was told by a Patriots' employee that the Patriots would contact him later regarding his submission. Grubb holds a Certificate of Copyright Registration -3- for his design, which the United States Copyright Office issued to him effective February 1, 1994. The Patriots' new logo and Grubb's design contain some of the same elements, including a man's face in profile, stars, and stripes.1 The district court granted summary judgment to Defendants. The district court concluded that Grubb failed to show that Loh had access to Grubb's work, relying in part on the fact that the Patriots established and followed a policy that was designed to prevent designers -- such as Loh -- from seeing outside submissions. Additionally, the district court found that Loh composed the Patriots' new logo independently of Grubb's design. In the instant appeal, Grubb challenges the district court's grant of summary judgment to Defendants. In particular, Grubb argues that his Supplemental Affidavit, in which Grubb compares Loh's work and his own, asserts facts that create a direct conflict with Loh's testimony, on which the district court relied. In the Supplemental Affidavit, Grubb states that "the relative proportions of the elements of the two designs are substantially identical and the curve of the base line . . . appears to be a precise match," and that Loh's work was "probably . . . traced from some other drawing." According to Grubb, the district court erred in crediting Loh's testimony in light of Grubb's Supplemental Affidavit.  ____________________ 1 See appendices following this opinion. ___ -4- II. STANDARD OF REVIEW II. STANDARD OF REVIEW Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kelly v. United _____ ______ States, 924 F.2d 355, 357 (1st Cir. 1991); see also Fed. R. Civ. ______ ________ P. 56(c). Under Rule 56(c), the opponent of the motion must produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for the opponent; if the opponent cannot produce such evidence, the motion must be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); ______________ _______ Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).  ________ _____________ III. DISCUSSION III. DISCUSSION To prevail on a claim of copyright infringement, a plaintiff must show two elements: (1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer. See Concrete Mach. Co. v. Classic Lawn Ornaments, ___ ___________________ ________________________ Inc., 843 F.2d 600, 605 (1st Cir. 1988); 3 Melvin B. Nimmer, The ____ ___ Law of Copyright 13.01 at 13-3 (1987). Defendants do not _________________ contest Plaintiff's ownership of a valid copyright on his design. Therefore, we turn to the issue of whether summary judgment was proper with respect to the alleged copying. "Proof by direct evidence of copying is generally not possible since the actual act of copying is rarely witnessed or recorded." Concrete Mach., 843 F.2d at 606. Absent direct ______________ -5- evidence, copying may be inferred from a showing that the defendant had "access" to the plaintiff's work prior to the creation of defendant's work, Baxter v. MCA, Inc., 812 F.2d 421, ______ _________ 423 (9th Cir. 1987), and that there is "substantial similarity" between the works, Walker v. Time Life Films, Inc., 784 F.2d 44, ______ ______________________ 48 (2d Cir.), cert. denied, 476 U.S. 1159 (1986); see Sid & Marty ____________ ___ ___________ Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d ________________________________ _________________ 1157, 1162-63 (9th Cir. 1977). Even if both showings are made, however, the trier of fact may nonetheless find no copying if the defendant shows independent creation. Concrete Mach., 843 F.2d _______________ at 606 n.6; Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d ________________ _____________________ 498, 501 (2d Cir. 1982). Viewing the summary judgment record in the best light for Plaintiff, we conclude that he has failed to raise a genuine issue of material fact with respect to Defendants' "access"; this deficiency alone suffices to justify summary judgment. To satisfy its burden of showing access, the plaintiff must produce evidence from which a reasonable finder of fact could infer that the defendant had a reasonable opportunity to copy his or her work. See Selle v. Gibb, 741 F.2d 896, 901 (7th ___ _____ ____ Cir. 1984). Evidence that only creates a "bare possibility" that the defendant had access is not sufficient to create a factual issue as to copying. Jason v. Fonda, 526 F. Supp. 774, 777 (C.D. _____ _____ Cal. 1981) (concluding that the fact that between 200 and 700 copies of plaintiff's book were available in Southern California bookstores was insufficient to infer that defendant movie -6- producers had a reasonable opportunity to copy it), aff'd, 698 _____ F.2d 966 (9th Cir. 1982). "[T]he jury cannot draw an inference of access based upon speculation and conjecture alone." Selle, _____ 741 F.2d at 901. On the summary judgment materials before it, the district court concluded that, even drawing all favorable inferences for Grubb, the evidence did not demonstrate that Loh had access to Grubb's design; in fact, it showed that Loh composed his design independently of and prior to Grubb's work. With respect to Loh's access, Grubb contends that the district court erred, since an alleged copier's access may be proven by showing that an intermediary with whom the copier was involved had access to the copyrighted work under circumstances in which the copier also may have been given an opportunity to view the copyrighted work. Grubb also argues that his Supplemental Affidavit is evidence that Loh had access to Grubb's design. With respect to the district court's finding of independent prior creation, Grubb argues that Loh's testimony suggests that Loh traced the Patriots' New Logo from another design. Grubb also questions Loh's credibility, and submits that Grubb's Supplemental Affidavit is evidence that Loh did not independently create the Patriots' new logo prior to Grubb's design. Turning first to Loh's access, it is undisputed that the Patriots received Grubb's sketch on February 9, 1993, via Grubb's unsolicited submission. Grubb points to several pieces of evidence that he believes shows Loh had a reasonable -7- opportunity to copy Grubb's design. First, according to Grubb's deposition, the individual Patriots' employee to whom he gave the design told him that the Patriots would get in contact with him in the future. Additionally, Grubb points to the fact that Jansen, as an employee of NFL Properties, admits that he had contact with representatives of the Patriots beginning on January 27, 1993, and that Jansen had also hired the design firm that employed Loh. Grubb claims that Jansen is a point of access between Loh's firm and the Patriots, from which a finder of fact could permissibly infer a reasonable opportunity to copy. Finally, Grubb claims that his Supplemental Affidavit is evidence that Loh had access to Grubb's design. We need not resolve Grubb's contention that this evidence entitles him to a finding of access, however, because even assuming, arguendo, that it did, the undisputed evidence is ________ that Loh created the Patriots' New Logo prior to February 9, 1993.2 As noted, supra, Grubb does not just have to show that _____ Loh had access to Grubb's work; Grubb has to show that Loh had access to Grubb's work before Loh created the Patriots' New Logo. See Concrete Mach., 843 F.2d at 605 n.6; Baxter, 812 F.2d at 423. ___ ______________ ______  ____________________ 2 The district court described this as "independent prior creation," an independent showing that rebuts a finding of access. We do not consider whether "independent prior creation" is a separate showing, see Grubb v. National Football League ___ _____ _________________________ Properties, Inc., slip op. at 6 (D. Mass. 1995) (citing Concrete _________________ ________ Machinery, 843 F.2d at 605 n.6), or whether any showing of access _________ must, as a logical matter, necessarily be access prior to the _____ creation of a defendant's work, see Baxter, 812 F.2d at 423, ___ ______ since resolution of this question either way would not affect the result of our analysis. -8- In his deposition, Loh stated that he began working on the Patriots' New Logo on January 28, 1993, and by February 4, 1993, had finished, save for later refinements, the Patriots' New Logo. Additionally, in his affidavit, Loh further testified that, in late January of 1993, he created a pencil sketch of the Patriots' New Logo, to which he added color later that day. With the aid of his timesheets, he was able in his deposition to pinpoint the day he created these works as January 28, 1993. What Loh identified as having been created during this period bears unmistakable resemblance to the Patriots' New Logo, save for the color of the star3 in the hat and a few shadings on the face depicted. This testimony demonstrates that Loh did not have access to Grubb's design prior to creating the Patriots' new logo, see Baxter, 812 F.2d at 423, since Grubb's evidence shows ___ ______ that Loh could not have viewed Grubb's design prior to February 9, 1993. To be sure, Grubb argues that he does in fact dispute Loh's testimony, and therefore, there remains a genuine issue of material fact as to the issue of Loh's prior creation. However, on summary judgment, absent specific facts discrediting testimony from a witness associated with the movant, and absent a direct conflict in the testimony, the opponent (although entitled to have his or her evidence taken as true) is not entitled to have the defendant's evidence positively disbelieved. Takeall v. _______  ____________________ 3 While the color of the star changed from white to silver, it should be noted that the Patriots' actual helmet color -- the background of the logo -- also changed from white to silver. -9- Pepsico, Inc., 809 F. Supp. 19, 23 (D. Md. 1992), aff'd, 14 F.3d _____________ _____ 596 (4th Cir. 1993), cert. denied, 114 S. Ct. 2742 (1994); see ____________ ___ also Moreau v. Local 247, Int'l Bhd. of Firemen, 851 F.2d 516, ____ ______ __________________________________ 519 (1st Cir. 1988); 10A Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and Procedure: Civil 2d 2726 at _________________________________________ 119, nn.11-12 (1983). Grubb first questions the credibility of Loh's testimony, and second argues that Loh's testimony conflicts with Grubb's Supplemental Affidavit, since Grubb therein opines that his and Loh's designs are so similar that Loh must have copied Grubb's work. Grubb attempts to call into question Loh's testimony by arguing that Loh's computer software timesheets do not show what Loh had drawn on any particular date, and that Loh could not identify individual sketches he created during the design process by specific date. Grubb also points to Loh's admission that, without his timesheets, he could not remember on what date he did what. Furthermore, Grubb argues that Loh was still sketching possible logos on or after February 9, 1993. All of this is, however, irrelevant. The parties stipulated that the timesheet- generating software program could not be backdated. With his timesheets and the summaries therein of how he used his time, Loh testified in his deposition that he began sketching the designs for the Patriots' New Logo on January 28, 1993, and by February 4, 1993, he had essentially finished designing it. While Loh testified that he was still working on the project after February 9, he also testified that this work involved simple -10- refinements, such as changing the color of the star. The fact that Loh needed his timesheets to recollect dates, or that he continued to work on the Patriots project after February 9, does not discredit his testimony, particularly where it is undisputed that the timesheets could not have been backdated. Besides challenging the credibility of Loh's testimony, Grubb also argues that his Supplemental Affidavit represents facts in direct conflict with Loh's testimony. Grubb's Supplemental Affidavit expresses his opinion of the Patriots' new logo's similarity to Grubb's work. Grubb supplies reasoning -- pointing to the relative proportions of the elements of the two designs and the curve of the base line -- for why he believes the designs are similar. Grubb also concludes that Loh's design must have been traced from another design. Grubb's argument seems to be that 1) Loh traced, and 2) Loh's work resembles Grubb's work, therefore Loh's testimony that he did not copy Grubb's work, and in fact, created the Patriots' new logo before Grubb submitted his own design, is in dispute. However, similarity alone cannot lead to a finding of copying, without evidence of access prior to the allegedly offending work's creation. As a result, we must look to whether Grubb's affidavit actually creates a direct conflict with Loh's testimony -- since the latter rebutted any finding of access by demonstrating prior creation. We conclude that, even assuming that Grubb's Supplemental Affidavit is properly considered expert testimony, it is simply not in direct conflict with Loh's -11- testimony. Similarity cannot substitute for access, and the fact that Loh admitted to having done "tracings" in the process of producing his work does not conflict with Loh's statement that he had virtually completed the Patriots' New Logo by February 4, 1993, since Loh admitted that Evenson had various pictures of colonial soldiers that he used, and the Summary Judgment materials indicated that Loh was sent designs similar to the 1979 proposed Patriots' logo, which also depicted a colonial soldier. The fact that Loh did tracings is simply not in direct conflict with Loh's testimony that he had created the Patriots' new logo by February 4, 1993.  As a result, like the district court before us, we conclude that Loh composed his design prior to Grubb's work. Such prior creation renders any conclusion of access or inference of copying illogical. See Concrete Mach., 843 F.2d at 606 n.6 ___ ______________ (stating that "[a]lthough access plus substantial similarity is required to show copying, the trier of fact may nonetheless find no copying if the defendant shows independent creation"). Because both access and substantial similarity need be shown, see Concrete Mach. Co., 843 F.2d at 606; O'Neill v. Dell ___ __________________ _______ ____ Publishing Co., 630 F.2d 685, 686 (1st Cir. 1980), and Plaintiff _______________ has failed to demonstrate a genuine issue of material fact regarding access, we need go no further. While Plaintiff argues that "[w]here two designs are so similar that one must have been copied from the other, proof of access may not be required, because no explanation other than copying is reasonably -12- possible," Brief for the Plaintiff-Appellant at 13, the lone __________________________________ case that Plaintiff cites for this proposition, Flag Fables, Inc. _________________ v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165 __________________________________________ (D. Mass. 1989), in fact states that this Court's view of the present dispute [is that] given the indisputable access ____________________ and substantial similarity between the ____________________________ two parties' banners, the evidence of independent creation advanced at the hearing by defendants was simply not persuasive. Id. at 1181 (emphasis added). Thus, Plaintiff misstates the law ___ by failing to recognize that he bears the burden of showing both ____ reasonable access and substantial similarity. Concrete Mach., ___ ______________ 843 F.2d at 606; Walker, 784 F.2d at 48; Sid & Marty Krofft ______ ___________________ Television, 562 F.2d at 1162-63. The reason for both __________ requirements is simple: copyright protection precludes only copying; if two people arrive at the same result independently, copyright law will not protect the first. See Selle, 741 F.2d at ___ _____ 896 (7th Cir. 1984) (stating that "two works may be identical in every detail, but, if the alleged infringer created the accused work independently or both works were copied from a common source in the public domain, then there is no infringement"); 3 Nimmer  13.02; see also Arthur v. American Broadcasting Cos., 633 F. ________ ______ ___________________________ Supp. 146, 148 n.3, 149 (S.D.N.Y. 1985) (concluding no infringement even where expressions are extremely similar, if "nearly all the similarity can be attributed to the fact that both [works] are artist's renderings of the same unprotectible idea"; ideas cannot be protected under copyright law, 17 U.S.C.  -13- 102(b)). Thus, like the district court before us, we need not address the issue of substantial similarity. CONCLUSION CONCLUSION As a result of the foregoing, the judgment of the district court is affirmed. affirmed. ________ -14-