U.S. v. Getzel                          CR-01-102-JD  09/24/02
                  UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE

United States of America

       v.                              Criminal No. 01-102-JD
                                       Opinion No. 2002 DNH 170
Paul Getzel


                            O R D E R


     The defendant, Paul Getzel, renews his motion to suppress

all evidence resulting from a search of his home on October 19,

2001, pursuant to a warrant issued by this court on that day.

In this new challenge Getzel contends that under the Supreme

Court's construction of the Child Pornography Prevention Act of

1996 ("CPPA"), 18 U.S.C. § 2251 et seq., in Ashcroft v. Free

Speech Coalition, 122 S.Ct. 1389 (2002), the search warrant fails

to comply with the Fourth Amendment.


                          Background[1]

     In August of 2001, the German National Police, the

Bundeskriminalamt ("BKA"), notified the United States Customs

Service that the user of a certain America Online screen name had

posted news group messages that contained images of child

_____

     [1] For additional, more detailed facts, see the court's
orders of January 24, 2002, and April 19, 2002, denying Getzel's
prior motions to suppress.

pornography.  Pursuant to the information provided by the BKA, the Customs Service investigated the screen name and subsequently learned that the account subscriber was Paul Getzel.  The BKA provided the Customs Service with a CD-Rom containing over forty-five images that were posted to the news group from Getzel's account.

Subsequent investigation revealed that Paul Getzel was employed by the Cardigan Mountain School, a day and boarding school for boys in grades six through nine located in Canaan, New Hampshire.  The headmaster of the Cardigan Mountain School informed United States Customs Special Agent James Lundt that Getzel lived on the campus of the school.

On October 19, 2001, Agent Lundt swore out an affidavit in support of an application for a warrant to search Getzel's residence.  In his affidavit he sets out specific facts to establish probable cause that Getzel's residence contained evidence of the crimes of possession and transport of child pornography in violation of 18 U.S.C. §§ 2252 or 2252A.  In the affidavit, Agent Lundt states that he has viewed the CD-Rom provided by the BKA and affirms that it shows images of minor children engaged in sexually explicit conduct in violation of § 2252.  Based on the information presented in Agent Lundt's affidavit and attachments, the magistrate judge issued a warrant

to search Getzel's residence.

At approximately 6:30 p.m. on October 19, 2001, Special Agent Lundt and two other United States Customs Special Agents executed the warrant. During the search, the agents seized Getzel's computer and two computer storage diskettes. Getzel returned to the premises during the search and engaged in discussion with the agents.

Getzel has twice moved to suppress all evidence resulting from the search of his residence. His first motion to dismiss challenged the validity of the search warrant on the ground that it failed to meet the constitutional requirement of describing with particularity the place to be searched. The court determined that the specific location to be searched was adequately described in the search warrant and denied Getzel's motion. See Order of Jan. 24, 2002. Getzel's second motion to suppress challenged the sufficiency of the affidavit underlying the search warrant, alleging that there was not probable cause for issuing the warrant. The court determined that Special Agent Lundt's affidavit and previous experience with child pornography investigations provided a sufficient basis for a finding of probable cause to issue the warrant. See Order of Apr. 19, 2002.

Discussion

Getzel brings this third motion to suppress on the ground that the United States Supreme Court's recent <u>Free Speech Coalition</u> opinion undermines the validity of the search warrant. The government objects, contending first that the affidavit and appended information provided a sufficient basis for the magistrate to make a determination of probable cause, and second, that the good faith exception to the exclusionary rule protects the search from retroactive invalidation.

I.    <u>Good Faith Exception to the Exclusionary Rule</u>

The defendant contends that the ruling in <u>Free Speech Coalition</u> renders the warrant invalid because the affidavit in support of the warrant fails to show that actual minor children were used to produce the images in question.  The defendant's contention is based on the premise that <u>Free Speech Coalition</u> applies retroactively to this case.  The court will first address this issue.

In <u>United States v. Leon</u>, 468 U.S. 897, 920-21 (1984), the Supreme Court limited application of the exclusionary rule, holding that evidence seized pursuant to a lawfully issued search warrant will not be suppressed when law enforcement officers act with objective good faith in obtaining the search warrant and act

4

within its scope.  The good faith exception to the exclusionary rule applies to searches conducted in good faith reliance on a warrant or a statute later declared to be unconstitutional.  See Michigan v. DiFillippo, 443 U.S. 31, 40 (1979), United States v. Curzi, 867 F.2d 36, 45 (1st Cir. 1989).

At the time the warrant in this case was issued, Special Agent Lundt and the United States Customs Service agents were complying with the law of the First Circuit.  When Special Agent Lundt applied for the warrant, the First Circuit had already upheld all of the definitional provisions of the CPPA.  See United States v. Hilton, 167 F.3d 61 (1st Cir. 1999).  Indeed, at that time, most circuits that had considered the definitional provisions of the CPPA had concurred with the First Circuit.  See generally, United States v. Fox, 248 F.3d 394 (5th Cir. 2001); United States v. Mento, 231 F.3d 912 (4th Cir. 2000); United States v. Acheson, 195 F.3d 645 (11th Cir. 1999).  But see, Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir. 1999).

The good faith exception to the warrant requirement "protects good faith police reliance on a magistrate search warrant, even if the warrant later proves invalid."  United States v. Procopio, 88 F.3d 21, 28 (1st Cir. 1996).  However, there are four circumstances under which the "exclusionary rule" will continue to operate to suppress evidence seized pursuant to

5

a search warrant:

>   (1) [where] the magistrate is "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth";
>
>   (2) [where] the magistrate "wholly abandon[s] his [detached and neutral] judicial role";
>
>   (3) [where] the warrant is "so facially deficient [e.g. failing to list with sufficient particularity, the evidence to be seized] . . . that the executing officers cannot reasonably presume it to be valid"; or
>
>   (4) the supporting affidavits are "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

United States v. Zayas-Diaz, 95 F.3d 105, 113 (1st. Cir. 1996) (quoting Leon, 468 U.S. at 923 (citing Brown v. Illinois, 422 U.S. 590, 610-11 (1975))). Getzel does not contend that any of these circumstances are at issue in this case. No claim has been made that the agents acted in bad faith either in obtaining or in executing the warrant. Getzel's sole contention in this motion is that the substantive change in the law as a result of the Free Speech Coalition case operates to defeat the probable cause on which the search warrant was based.

The probable cause which underlies a search warrant is not defeated by a subsequent showing that a relevant substantive law provision is unconstitutional. See DiFillippo 443 U.S. at 39-40. Based on the applicable law at the time it was issued, the search

6

warrant was valid. Therefore, the good faith exception to the exclusionary rule protects the search from retroactive invalidation under Free Speech Coalition.


II. Validity of the Warrant under Free Speech Coalition

Even if Free Speech Coalition is assumed to apply to this case, the court concludes that the affidavit was sufficient to establish probable cause for the issuance of the warrant.

Getzel accurately contends that a search warrant affidavit must provide sound reason to believe that the proposed search will uncover evidence that a crime has been committed. Getzel also accurately observes that Free Speech Coalition struck down a provision of the CPPA, specifically, 18 U.S.C. § 2256(8)(B) ("Section B").[2] This provision was one of four different categories of visual depictions defined as child pornography under the CPPA. Specifically Section B dealt with so-called virtual child pornography, "visual depiction[s that are] or appear[] to be, of a minor engaging in sexually explicit

---

[2]Ashcroft v. Free Speech Coalition also struck down 18 U.S.C. § 2256(8)(D) which included any sexually explicit image that was "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" that it depicts "a minor engaging in sexually explicit conduct," in the definition of child pornography.

7

conduct." 18 U.S.C. § 2256(8)(B). Getzel contends that the search warrant cannot be supported by probable cause because the affidavit fails to provide sound reason to believe that the search will uncover evidence that actual minor children were used to produce the images.

Getzel's suggestion that the government must conclusively establish at the time a search warrant is sought that the persons depicted in suspected child pornography are, in fact, actual minors overstates the government's burden.

A.    The Scope of Free Speech Coalition

Free Speech Coalition did not overturn the CPPA. Indeed, it reaffirmed the validity of the CPPA and specifically left in force 18 U.S.C. § 2256(8)(A) defining child pornography as any visual depiction where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A) ("Section A"). So long as the affidavit and supporting documents establish a sufficient basis on which the magistrate judge could conclude that there was probable cause to believe the search of Getzel's apartment would uncover evidence of child pornography under Section A, the search warrant is valid.

B.   Government's Burden

The Fourth Amendment requires that search warrants only issue upon a showing of probable cause. U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ."). To meet this burden, the government need only establish that there is "a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing." Jones v. United States, 362 U.S. 257, 271 (1960). In this case, the government must establish that there is a substantial basis to believe that actual minors were involved in the production of the alleged child pornography. The government need not disprove the possibility that the images are something other than what they appear to be, pornographic images of actual minor children. In establishing probable cause "[t]he government need not show 'the quantum of proof necessary to convict.'" United States v. Figueroa, 818 F.2d 1020, 1024 (1st Cir. 1987) (citing United States v. Miller, 589 F.2d 1117, 1128 (1st Cir. 1978)); see also Illinois v. Gates, 462 U.S. 213, 235 (1983). The First Circuit has emphasized that "[t]he process [of determining probable cause] does not deal with hard certainties, but with probabilities." Figueroa, 818 F.2d at 1024. All that is required is that the magistrate judge have "made a 'practical, common-sense decision whether, given all the circumstances set

9

forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Hernandez, 183 F.Supp 2d 468, 472 (D.P.R. 2002)(citing Gates, 462 U.S. at 238).

C.   Sufficiency of Special Agent Lundt's Affidavit and Supporting Materials to Establish Probable Cause

In assessing the validity of the search warrant issued in this case, the court must determine whether probable cause existed to believe that any of the images Getzel is alleged to have had fall within the definition of child pornography in Section A.  See United States v. Brunette, 256 F.3d 14, 18 (1st Cir. 2001); Hernandez, 183 F. Supp. 2d at 474-75.  A mere assertion in an affidavit, absent any descriptive support and without an independent review of the images, is insufficient to sustain a finding of probable cause.  Brunette, 256 F.3d at 17 (holding that warrant was issued without probable cause where affiant did not give detailed factual description of images and magistrate did not independently review the images).

Getzel contends that neither Agent Lundt's descriptions of the CD-Rom images, nor the "17.jpg" image attached to his

10

affidavit and reviewed by the issuing magistrate, is sufficient to establish probable cause to believe that the younger male in the images is an actual minor and not a representation.

Special Agent Lundt has served as a Customs Service agent for over twenty-seven years and has been personally involved with more than twelve child pornography investigations. He affirmed that the boy depicted in 17.JPG is the same boy depicted in the CD-Rom images. The court, upon reviewing 17.JPG, has determined that probable cause existed to believe that the boy in this image is a minor. See Order of April 19, 2002. Furthermore, Special Agent Lundt's affidavit specifically alleges that the images in question are of minor children. His allegations in the affidavit describe, inter alia: "images of minor children engaged in sexually explicit conduct . . ." (Aff. ¶ 17); "a naked prepubescent child male child [sic], kneeling in profile to the camera with an erect penis," (Aff. ¶ 17); "a naked minor male reclining on a bed and fondling his penis," (Aff. ¶ 17); and "the minor male child . . . sexually interacting with a naked adult male." (Aff. ¶ 18). There is a presumption of validity with respect to the allegations contained in an affidavit supporting a search warrant. See Franks v. Delaware, 438 U.S. 154, 171 (1978). Given the totality of circumstances presented in Special Agent Lundt's affidavit and the attached supporting documents,

11

specifically the attached image 17.jpg, and his detailed descriptions of minor children engaging in sexually explicit conduct in other images, as well as his previous experience with child pornography investigations, the court finds that there is a substantial basis for finding probable cause to issue the search warrant for evidence of child pornography involving actual minor children.

## Conclusion

For the foregoing reasons, defendant's motion to suppress (document no. 28) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 24, 2002

cc:  Bjorn R. Lange, Esquire
     Helen W. Fitzgibbon, Esquire
     U.S. Probation
     U.S. Marshal

12