**Alan D. RAUM; Anthony Sanders, Plaintiffs–Appellants,**

v.

**Brandy NORWOOD; Atlantic Recording; John Doe; Lashawn Daniels; Japhe Tajeda; Frederick Jerkins, III; Rodney Jerkins, Defendants–Appellees.**

No. 02–3181.

United States Court of Appeals, Sixth Circuit.

Feb. 23, 2004.

Albert A. Giuliani, John J. Spellacy, Cleveland, OH, for Plaintiffs–Appellants.

Deborah A. Coleman, Sonja C. Rice, Hahn, Loeser & Parks, Melissa M. Eckhause, Baker & Hostetler, Cleveland, OH, for Defendants–Appellees.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

In 1996, Alan "Pepper" Raum and Anthony Sanders copyrighted a rap/R&B song entitled "Get Naked (Remix)" (" 'Remix' ") that they co-wrote in Cleveland. "Remix" was never released to the general public and fewer than a dozen copies were ever made. Raum sent some materials to Lava Records ("Lava"), a subsidiary of Atlantic Recording Corporation ("Atlantic"); however, it is unclear whether "Remix," in particular, was actually sent.

In 1998, Brandy Norwood released a ballad entitled "Tomorrow" on her new album. Raum first heard "Tomorrow" in 1999 and recognized a sixty-five second portion of the interlude as being very similar to "Remix." On April 10, 2000, Raum and Sanders filed this copyright infringement lawsuit against the "Tomorrow" songwriters and producers, LaShawn Daniels, Fred Jerkins, Rodney Jerkins, Japhe Tajeda and Norwood, as well as Atlantic, which has a recording contract with Norwood. On January 8, 2002, the district court granted the defendants' motion for summary judgment by holding that "Tomorrow" did not infringe upon the copyright of "Get Naked," the original recording, or of "Remix."[1] The court explained

---

**1.** Raum and Sanders' original complaint claimed a violation of the copyrights of both "Get Naked" and "Remix." However, the district court found that Raum and Sanders had abandoned their claim of the infringement of "Get Naked" because the experts only analyzed "Remix" and Raum and Sanders specifically stated that the music on "Get Naked" and "Remix" is dissimilar. Because Raum and Sanders do not dispute this on

that, while "Remix" shares features of "Tomorrow," there was not enough evidence of access for a reasonable jury to infer copying.

The same day the district court entered its opinion, in an attempt to demonstrate access by Atlantic, Raum and Sanders filed a transcription of an audio-taped statement. On January 28, 2002. Raum and Sanders filed a motion for reconsideration alleging that the district court failed to consider this new statement. Less than a week later, on February 6, 2002. Raum and Sanders filed a notice of appeal. On March 28, 2002, the district court denied Raum and Sanders's motion for reconsideration for lack of jurisdiction due to the filing of the notice of appeal. Raum and Sanders argue that the new statement should have been considered by the district court and that the district court erroneously held there was no evidence of access.[2] Because the new statement was untimely and because the district court properly determined that Raum and Sanders had not demonstrated sufficient evidence that the songwriters of "Tomorrow" had access to "Remix," we affirm the judgment of the district court.

## I. Consideration of the New Statement

During the time relevant to this case, Rodney Davis was the acting manager of a group entitled Bone–Thugs–n–Harmony. Davis claims he was approached by an employee of Lava and asked if his group would like to perform "Remix."

We will not consider the statement of Rodney Davis because of the tardiness of the submission without explanation to the district court. *See Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 96 n. 6 (1st Cir.1996) ("We decline Appellants' request to take into consideration the sworn statements submitted with their motion for reconsideration. Not only were they not part of the original summary judgment materials, but Appellants have not demonstrated why this new evidence could not have been timely provided with the summary judgment materials."); *Alexander v. San Francisco*, 29 F.3d 1355, 1368 (9th Cir.1994) ("Stasko's deposition was not presented to the district court because it had not yet been taken when the summary judgment motion was heard. Plaintiff does not explain why she could not have taken Stasko's deposition in a timely fashion. Consequently, we do not consider it."). *See also McClung v. Wal–Mart Stores, Inc.*, 270 F.3d 1007, 1011 (6th Cir.2001) (This court "is limited to considering the evidence which was submitted to the district court."). We also note that the plaintiffs deprived the district court of jurisdiction by filing a notice of appeal before the district court had a chance to make a decision on the motion to reconsider.

## II. Copyright Infringement Claim

To establish a copyright infringement claim, plaintiffs must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns,*

---

appeal, we do not consider the possible infringement of "Tomorrow" upon "Get Naked."

**2.** Additionally, Raum and Sanders argue that the district court should also have considered the contents of a CD, an expert report submitted after the deadline for submitting such reports, and the three statements attached to

the memorandum in opposition to summary judgment. However, the district court did consider the statements of the three people. The district court did not err in not referring to the CD because the CD had no authentication and was replete with hearsay, and the expert report was obviously untimely.

*Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). As the ownership of the copyright is not in dispute and there is no direct evidence of copying, the plaintiffs must prove "(1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Ellis v. Diffie,* 177 F.3d 503, 506 (6th Cir.1999). This court has recognized that there is an inverse relationship between access and substantial similarity such that if two compositions are "strikingly similar" and the allegedly infringing material is of a "highly unique pattern," then infringement can be found with a lesser quantum of evidence of access. *See id.* at 507; *see also ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 722 F.2d 988, 998 (2d Cir.1983); *Selle v. Gibb,* 741 F.2d 896, 903 (7th Cir.1984).

The district court properly granted summary judgment to the defendants because Raum and Sanders have failed to satisfy the minimum threshold of proof with regard to access, an essential element of the copyright infringement claim in this case. This court reviews a lower court's grant of summary judgment *de novo. See, e.g., Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560 (6th Cir.1999). The evidence should be viewed in the light most favorable to the nonmoving party, and summary judgment should only be granted where there is no genuine issue of material fact. *Id.*

The district court concluded that a reasonable jury could find the first sixty-five seconds of "Tomorrow" and "Remix" to be substantially similar,[3] although the district court expressly found that a comparison of the songs "does not reveal a striking simi-larity."[4] In a case decided after the entry of the district court's opinion in this case, this circuit has set forth a two-part test for analyzing whether two works are substantially similar. *See Kohus v. Mariol,* 328 F.3d 848, 855 (6th Cir.2003) ("[T]he first step 'requires identifying which aspects of the artist's work, if any, are protectible by copyright' ...; the second 'involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the artist's work'...."). However, as Raum and Sanders have failed to demonstrate sufficient proof of access, this court does not need to consider the application of the *Kohus* test in this case.

The type of evidence that is needed to prove access must be beyond mere speculation or conjecture. *Ellis,* 177 F.3d at 506 ("Although 'evidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work is sufficient to establish access by the defendant,' '[a]ccess may not be inferred through mere speculation or conjecture.'" (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.02[A] (rev'd ed. 1998) (citations omitted))). *See also Tisi v. Patrick,* 97 F.Supp.2d 539, 547 (S.D.N.Y. 2000) ("[P]laintiffs must show 'significant, affirmative and probative evidence' of a chain of access to survive a summary judgment motion by the defendants."); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000) (Plaintiffs must present enough evidence of a "reasonable opportunity" or a "reasonable possibility"; however, a "bare possibility" of access is not sufficient to create a factual issue.); *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1250 (11th Cir.1999) (same); *Grubb v.*

---

**3.** More precisely, the court stated in the double negative that "the Court cannot conclude that no reasonable jury could find them to be substantially similar."

**4.** The lyrics, vocals, and key of "Tomorrow" and "Remix" are obviously different.

*KMS Patriots, L.P.,* 88 F.3d 1, 3 (1st Cir.1996) (same).

The district court found insufficient evidence of access. Specifically, the court found that there was no evidence beyond mere speculation (1) that "Remix" was actually sent to Lava. (2) that anyone other than two people in the Artist and Repertoire ("A&R") division of Lava ever heard the song before it was discarded, or (3) that the composer of "Tomorrow" ever had access to "Remix" or to the people in the A&R division of Lava who may have heard Raum's song at the time relevant to the suit. As the district court noted, all of plaintiffs' other evidence focuses on "hypothetical situations."

■ Having had the benefit of oral argument and having carefully considered the record on appeal (including recordings of the musical excerpts at issue), the briefs of the parties, and the applicable law, we are persuaded that the district court was correct both in its determination that the pieces are not "strikingly similar" and in its determination that there is insufficient evidence of access to withstand a summary judgment motion. Because the reasoning which supports these determinations by the district court has been articulated in that court's opinion, the issuance of a further detailed written opinion by this court would be duplicative and serve no useful purpose. *See Raum v. Norwood,* No. 1:00CV913 (N.D.Ohio Jan. 8, 2002). Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out in the district court's memorandum and order dated January 8, 2002 as well as the additional reasoning set forth above.